Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Wilbert Napoleon, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>Amazon.com, Inc.,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

**Table of Contents**

I.      Introduction. ..................................................................................................... 1

II.     Parties. ............................................................................................................. 1

III.    Jurisdiction and Venue. ................................................................................... 1

IV.     Facts. ................................................................................................................ 2

        A.      Amazon's changes to Prime Video. ..................................................... 2

        B.      Amazon's actions harm consumers. ..................................................... 3

        C.      Amazon violates state consumer protection laws. ............................... 3

        D.      Plaintiff was misled by Amazon's misrepresentations. ....................... 4

        E.      Amazon breached its contract and warranties to Plaintiff. ................. 4

        F.      No adequate remedy at law. ................................................................. 5

V.      Class Action Allegations. ................................................................................ 5

VI.     Claims .............................................................................................................. 7

        Count I: Breach of Contract ........................................................................... 7

        Count II: Breach of Express Warranty ............................................................ 7

        Count III: Quasi-Contract .............................................................................. 8

        Count IV: Violation of the Washington Consumer Protection Act ................. 9

        Count V: Violation of California's False Advertising Law ............................ 11

        Count VI: Violation of California's Consumer Legal Remedies Act .............. 12

        Count VII: Violation of California's Unfair Competition Law ....................... 13

VII.    Jury Trial Demand. ......................................................................................... 15

VIII.   Relief. .............................................................................................................. 15

**I.      Introduction.**

1.      Amazon.com Inc. sells a subscription service called Prime. For over a decade, it included ad-free streaming of movies and tv shows. For years, people purchased and renewed their Amazon Prime subscriptions believing that they would include ad-free streaming.

2.      But last month, Amazon changed the deal. To stream movies and tv shows without ads, Amazon customers must now pay an additional $2.99 per month. This is true even for people who purchased the yearly, ad-free subscription, and who are now mid-way through their subscription. This is not fair, because these subscribers already paid for the ad-free version; these subscribers should not have to pay an additional $2.99/month for something that they already paid for.

3.      For years, Amazon advertised that its Prime subscription included ad-free streaming of movies and tv shows. Like other consumers, Plaintiff purchased the Prime subscription, believing that it would include ad-free streaming of movies and tv shows. But it does not. Plaintiff brings this case for himself and for other Amazon Prime customers.

**II.      Parties.**

4.      Plaintiff Wilbert Napoleon is domiciled in Eastvale, California.

5.      The proposed class includes citizens of every state.

6.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.

**III.      Jurisdiction and Venue.**

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

8.      The Court has personal jurisdiction over Defendant because (among other reasons) its principal place of business is in Washington.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Amazon resides in this District, at its Seattle headquarters.

**IV.    Facts.**

      **A.    Amazon's changes to Prime Video.**

      10.    Amazon.com Inc. ("Amazon") sells a subscription called Prime. The subscription is very popular—over one hundred million Americans are subscribers. Subscribers can choose an annual or monthly term, and many subscribers choose the annual term, which is offered at a discount as compared to the monthly term.

      11.    A subscription to Prime includes access Amazon's video streaming service, Prime Video. Prime Video was launched in 2011. According to Amazon, a Prime subscription now included "unlimited, <u>commercial-free</u>, instant streaming" of movies and tv shows on the platform, at no additional cost:

**amazon**

PRESS CENTER

February 22, 2011

Amazon Prime Members Now Get Unlimited, Commercial-free, Instant Streaming of More Than 5,000 Movies and TV Shows at No Additional Cost

*Amazon Adds Instant Videos to Amazon Prime*

      12.    Between 2011 and 2023, Amazon continued to offer "commercial-free" access to Prime Video. And, consumers continued to subscribe to Amazon Prime, expecting to receive commercial-free access to movies and tv shows.

      13.    But in 2024, Amazon changed its terms. Amazon introduced ads to Prime Video. To turn off the ads, subscribers must now pay an additional $2.99 a month. This is true even for people who have yearly subscriptions to Prime—they must pay an additional $2.99/month to get the ad-free Prime Video that they already paid for.

**B.      Amazon's actions harm consumers.**

14.      Based on Amazon's advertisements, reasonable consumers who subscribed to Amazon Prime before the change reasonably expected that their Amazon Prime subscription would include ad-free streaming of movies and tv shows for the duration of the subscription.

15.      Reasonable consumers expect that, if you purchase a subscription with ad-free streaming of movies and tv shows, that the ad-free streaming for movies and tv shows is available for the duration of the purchased subscription.

16.      As explained above, however, Plaintiff and class members' reasonable expectations were not met. Instead of receiving a subscription that included ad-free streaming of tv shows and movies, they received something worth less. They cannot enjoy ad-free streaming unless they pay an extra $2.99/month. Thus, Amazon's false advertisements harm consumers by depriving them of the reasonable expectations to which they are entitled.

**C.      Amazon violates state consumer protection laws.**

17.      Washington's Consumer Protection Law prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.86.020.

18.      Similarly, California's Unfair Competition Law bans "unlawful, unfair or fraudulent" business acts and practices. *See* Cal. Bus. & Prof. Code § 17200.

19.      Amazon's change of terms is deceptive. As described above, reasonable consumers subscribed to Amazon Prime believing that they would receive ad-free Prime Video. But, mid-way through the subscription, Amazon changed the terms. Subscribers must now pay extra to get something that they already paid for.

20.      Amazon's actions are also unfair. As discussed above, Amazon advertised "commercial-free" Prime Video for years, to induce consumers to purchase its Prime subscription. Reasonable consumers, who rely on Amazon to provide accurate and truthful information about its

Class Action Complaint
Case No.

3

Dovel & Luner LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

1   services, cannot reasonably avoid this injury. And Amazon's actions offer no countervailing

2   benefits—misrepresenting its service harms both consumers and honest competition.

3       21.     Amazon's actions are also unlawful. As explained in further detail below, they

4   constitute a breach of contract.

5       **D.     Plaintiff was misled by Amazon's misrepresentations.**

6       22.     In June 2023, Mr. Napoleon renewed his annual Prime subscription while living in

7   Eastvale, California.

8       23.     Based on Amazon's actions, Plaintiff believed that he was purchasing a yearly

9   subscription to Amazon Prime. He further believed that the Amazon Prime would include free

10  streaming of movies and tv shows for the duration of his subscription. But, it did not. Instead, to have

11  ad-free streaming, Plaintiff must pay an additional $2.99 a month.

12      **E.     Amazon breached its contract and warranties to Plaintiff.**

13      24.     When Mr. Napoleon purchased the Amazon Prime subscription as described above, he

14  accepted the offer that Amazon made, and thus, a contract was formed at the time of purchase. The

15  offer was to provide an Amazon Prime subscription that included ad-free streaming of tv shows and

16  movies, for the price of the Prime annual subscription.

17      25.     The offer to provide ad-free streaming of tv shows and movies was a specific and

18  material term of the contract. It was also an affirmation of fact about the services, and a promise

19  relating to the service.

20      26.     Mr. Napoleon performed his obligations under the contract by paying for the annual

21  subscription.

22      27.     Amazon breached its contract by failing to provide Mr. Napoleon access to ad-free

23  streaming of movies and tv shows for the duration of the subscription. Defendant also breached

24  warranties for the same reasons.

25

26

27

28

**F.     No adequate remedy at law.**

28.     Plaintiff seeks damages and, in the alternative, restitution. Plaintiff also seeks an injunction. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Defendant from continuing to engage in the deceptive practices described above. In addition, a legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones. For example, the need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class Action Allegations.**

29.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- Nationwide Class: all persons who, while in the United States, within the applicable statute of limitations period and before December 28, 2023, purchased an annual subscription to Amazon Prime.

- California Subclass: all persons who, while in California, within the applicable statute of limitations period and before December 28, 2023, purchased an annual subscription to Amazon Prime.

30.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or it's parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

Class Action Complaint
Case No.

5

Dovel & Luner LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

*Numerosity & Ascertainability*

31.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are 160 million Amazon Prime subscribers in the United States. Thus, there are likely millions or tens of millions of class members.

32.     Class members can be identified through Defendant's sales records and public notice.

**Predominance of Common Questions**

33.     There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Amazon breached its contracts;

(2) the terms of the contracts;

(3) whether Amazon made false or misleading statements of facts in their advertisements;

(4) whether Amazon violated consumer protection statutes;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

**Typicality & Adequacy**

34.     Plaintiff's claims are typical of the proposed class. Like the proposed class, Plaintiff purchased the subscription advertised within the specified time period. There are no conflicts of interest between Plaintiff and the class.

**Superiority**

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.     Claims.**

**Count I: Breach of Contract**

**(By Plaintiff and the Nationwide Class)**

36.     Plaintiff incorporates each and every factual allegation set forth above.

37.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

38.     Plaintiff and class members entered into contracts with Amazon when they placed orders to purchase or renew Amazon Prime on Amazon's website.

39.     The contracts provided that Plaintiff and class members would pay Amazon for the subscription ordered.

40.     The contracts further required that Amazon provide Plaintiff and class members with an Amazon Prime subscription that included ad-free access to movies and tv shows. This was a specific and material term of the contracts.

41.     Plaintiff and class members paid Amazon for the subscription ordered, and satisfied all other conditions of their contracts.

42.     Amazon breached the contracts with Plaintiff and class members by failing to provide ad-free streaming of tv shows and movies as promised.

43.     As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

**Count II: Breach of Express Warranty**

**(By Plaintiff and the Nationwide Class)**

44.     Plaintiff incorporates each and every factual allegation set forth above.

45.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

46.    Amazon, as the supplier and seller of the Amazon Prime subscription, issued material, written warranties by advertising that the subscription included access to ad-free streaming of tv shows and movies. This was an affirmation of fact about the service (i.e., a representation about what the subscription included) and a promise relating to the service.

47.    These warranties were part of the basis of the bargain and Plaintiff and members of the class relied on this warranty.

48.    In fact, the subscriptions did not include ad-free streaming of tv shows and movies. Thus, the warranties were breached.

49.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's registered agent and Defendant's headquarters on February 7, 2024.

50.    Plaintiff and the class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because they (a) overpaid for the service because the service was sold at a price premium due to the warranty, and/or (b) did not receive the service as warranted that they were promised.

### Count III: Quasi-Contract

### (By Plaintiff and the Nationwide Class)

51.    Plaintiff incorporates each and every factual allegation set forth above.

52.    Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

53.    As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase the service and to pay a price premium for the service.

54.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

55.    (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiff are void or voidable.

56.    Plaintiff and the class seek restitution.

**Count IV: Violation of the Washington Consumer Protection Act**

**RCW Chapter 19.86**

**(By Plaintiff and the Nationwide Class)**

57.     Plaintiff incorporates each and every factual allegation set forth above.

58.     Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

59.     Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

60.     Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

61.     Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 19.86.090.

62.     Defendant engages in the conduct of trade or commerce within the meaning of the CPA. Defendant does this by selling Amazon Prime subscriptions in a manner that directly and indirectly affects people of the state of Washington.

63.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

***Unfair Acts or Practices***

64.     As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that Amazon Prime included ad-free access to tv shows and movies on Prime Video.

65.     This caused Plaintiff and the class to pay more for their subscription, and deprived them of their expectancy interest in receiving the subscription as advertised.

66.     The harm to Plaintiff and the class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the features of a service. Plaintiff and the class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers about services only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

67.     As alleged in detail above, Defendant's representations that their services included ad-free access to tv shows and movies on Prime Video were false and misleading.

68.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

\* \* \*

69.     Defendant's misrepresentations were intended to induce reliance. Defendant's misrepresentations were a factor in Plaintiff's purchase decision.

70.     Subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the services.

71.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

72.     Plaintiff and the class were injured as a direct and proximate result of Defendant's conduct because (a) they overpaid for the services because the services were sold at a price premium due to the misrepresentation, and/or (b) they did not receive the services they were promised, and received services with market values lower than the promised market values.

## Count V: Violation of California's False Advertising Law

## Bus. & Prof. Code §§ 17500 et. seq.

### (By Plaintiff and the California Subclass)

73.     Plaintiff incorporates each and every factual allegation set forth above.

74.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

75.     Defendant has violated Section 17500 of the Business and Professions Code.

76.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in their advertisements to class members.

77.     Defendant did this by advertising that Amazon Prime included ad-free access to movies and tv shows on Amazon Prime.

78.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

79.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the service. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

80.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the service.

81.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

82.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they overpaid for the services because the services were sold at a price premium due to the misrepresentation, and/or (b) they did not receive the services they were promised, and received services with market values lower than the promised market values.

Class Action Complaint
Case No.

11

Dovel & Luner LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

**Count VI: Violation of California's Consumer Legal Remedies Act**

**(By Plaintiff and the California Subclass)**

83.     Plaintiff incorporates each and every factual allegation set forth above.

84.     Plaintiff brings this cause of action on behalf of himself and members of the California subclass.

85.     Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

86.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

87.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of services to consumers.

88.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in their advertisements to class members.

89.     Defendant violated Section 1770(a)(5) of the California Civil Code by representing that services offered for sale on their websites have characteristics or benefits that they do not have. Defendant represented that a Prime subscription includes access to ad-free movies and tv shows on Prime Video, when it did not.

90.     Defendant violated Section 1770(a)(9) of the California Civil Code. Defendant violated this by representing that a Prime subscription includes access to ad-free movies and tv shows on Prime Video, when it did not.

91.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

92.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the service. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

93.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the service.

94.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

95.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they overpaid for the services because the services were sold at a price premium due to the misrepresentation, and/or (b) they did not receive the services they were promised, and received services with market values lower than the promised market values.

96.    Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and all other members of the subclass, seeks injunctive relief.

97.    CLRA § 1782 NOTICE. On February 9, 2024, Plaintiff mailed a notice letter to Defendant at its Seattle, Washington headquarters. This letter provided notice of Defendant's violation of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the class within 30 days of receipt, Plaintiff and the class will seek all relief allowed under the CLRA.

98.    A CLRA venue declaration is attached.

## Count VII: Violation of California's Unfair Competition Law

### (By Plaintiff and the California Subclass)

99.    Plaintiff incorporates each and every factual allegation set forth above.

100.    Plaintiff brings this cause of action on behalf of himself and members of the California subclass.

101.   Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

***The Unlawful Prong***

102.   Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

***The Deceptive Prong***

103.   As alleged in detail above, Defendant's representations that the service includes ad-free streaming of movies and tv shows on Amazon Prime were false and misleading.

104.   Defendant's representations were misleading to Plaintiff and other reasonable consumers.

105.   Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

***The Unfair Prong***

106.   As alleged in detail above, Defendant committed "unfair" acts by falsely representing that the Prime subscription includes ad-free streaming of movies and tv shows on Amazon Prime Video.

107.   Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

108.   The harm to Plaintiff and the class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the features of a service. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading services only injure healthy competition and harm consumers.

109.   Plaintiff and the class could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

110.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

111.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the service. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

112.    In addition, class-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the service.

113.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class members.

114.    Plaintiff and the class were injured as a direct and proximate result of Defendant's conduct because (a) they overpaid for the services because the services were sold at a price premium due to the misrepresentation, and/or (b) they did not receive the services they were promised, and received services with market values lower than the promised market values.

**VII.    Jury Trial Demand.**

115.    Plaintiff demands the right to a jury trial on all claims so triable.

**VIII.    Relief.**

116.    Plaintiff seeks the following relief for himself and the class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;

Class Action Complaint
Case No.

15

Dovel & Luner LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: February 9, 2024

Respectfully submitted,

Carson & Noel, PLLC

By: */s/ Wright A. Noel*

Wright A. Noel, WSBA No. 25264
20 Sixth Ave. NE
Issaquah WA 98027Tel: 425-395-7786
Fax: 425-837-5396
Email: wright@carsonnoel.com

Christin Cho (Cal. Bar No. 238173)*
christin@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)*
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

*Pro Hac Vice Forthcoming*