THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILBERT NAPOLEON,<br><br>*Plaintiff*,<br><br>VS.<br><br>AMAZON.COM, INC.,<br><br>*Defendant.* | Case No.: 2:24-cv-00186-BJR<br><br>**PLAINTIFF'S RESPONSE TO AMAZON'S NOTICE OF RELATED CASES** |

This case is not related to *Amazon Service Fee Litigation*. "An action is related to another when the actions: (A) concern substantially the same parties, property, transaction, or event; and (B) it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." Local Rule 3(g)(4). For cases to be related, both factors must be met. Here, neither is met.

> **A.** **The cases do not concern substantially the same parties, property, transaction, or events.**

This case is about Amazon's streaming video service, Prime Video. In the last year, millions of Amazon customers prepaid for a yearly Amazon Prime subscription, based on Amazon's promise of ad-free videos. This February, Amazon announced that it was inserting ads in all its videos. Yet Amazon refused to provide any remedy to those subscribers who had locked themselves into yearly subscriptions, based on the promise of ad-free videos. The *Amazon Service Fee* case, on the other hand, is about Amazon's grocery delivery service, through Whole Foods. That case stems from Amazon's decision to charge Amazon Prime subscribers service fees for grocery deliveries, back in 2021. The two cases are about different Amazon services, and different service changes, that took place over three years apart.

And while both cases are against Amazon, the cases involve different plaintiffs and the putative classes are different. In this case, the putative class includes consumers who purchased annual Amazon Prime subscriptions from February 2023 to December 2023. Dkt. 1 ¶29. In *Amazon Service Fee,* the putative classes only include those Prime subscribers who used the Whole Foods grocery delivery service (a relatively niche service) since 2021. *Amazon Service Fee*, No. 22-cv-00743, Dkt. 73 ¶45. There is no substantial overlap between the consumers in each class.

> **B.** **There will be no meaningful duplication of labor or expense—and no possibility of conflicting results—if the cases proceed before two different judges.**

Because the two cases involve different Amazon services, different service changes, and different class members, there is little to no overlap in the operative facts. The removal of ad-free videos is not the same as charging grocery delivery fees. And while variations of the general Amazon

PLAINTIFF'S RESPONSE TO AMAZON'S
NOTICE OF RELATED CASES - 1

1  Prime terms and conditions apply to both cases, the Prime Video service has its own specific terms
2  and conditions.[1] Those specific terms will govern the key legal question here: whether Amazon can
3  remove ad-free programming from Prime Video, without providing any remedy to subscribers who
4  locked themselves into a yearly subscription. In fact, in response to consumer inquiries and
5  complaints about the removal of ad-free videos, Amazon's customer service department has been
6  pointing consumers to the section in its Prime Video terms and conditions that governs "updates and
7  modifications to the service." *See* Prime Video Terms Section 6(d). There is no such contractual issue
8  in *Amazon Service Fee,* because there the Prime Video terms are irrelevant. So the contractual
9  frameworks are legally different.

10  Amazon asserts that the two actions are related because both "arise from Amazon's changes
11 to benefits associated with the Amazon Prime subscription service," both involve consumer
12 protection claims and breach of contract claims, and both involve Amazon Prime Subscribers. Dkt.
13 10 (Amazon Relation Notice). But high-level similarities—like the same defendant, same general
14 category of legal claims, and same product at issue—fail to justify relation. *E.g., Tecson v. Lyft, Inc.*,
15 2019 U.S. Dist. LEXIS 72080, at *6-8 (N.D. Cal. Apr. 29, 2019) ("Oliver argues that both cases
16 concern TCPA violations against Lyft for text messages sent without recipients' consent … these
17 parallels do not suffice to" relate the cases) (collecting authority on the comparable N.D. Cal. relation
18 standard). This is because related cases status does not turn on high-level similarities. Instead, related
19 cases status turns on the specific "operative facts." *Id.* When, as here, different operative facts raise
20 different legal issues, cases are not related. *See id.*

21  * * *

22  In sum, the two cases involve different Amazon services, different service changes (that
23 occurred years apart), different class members, and different contractual terms. There will be no
24 undue burden in having the cases proceed before different judges. And there will be no conflicting
25 results. Based on the above reasons, *Amazon Service Feel Litigation* is not a related case.

26
27
28  [1] Prime Video Terms https://www.primevideo.com/help?nodeId=202095490&view-type=content-only
(accessed February 15, 2024)

PLAINTIFF'S RESPONSE TO AMAZON'S
NOTICE OF RELATED CASES - 2

| | |
|---|---|
| Dated: February 15, 2024 | Respectfully submitted, |
| | By: */s/ Christin Cho* |
| | Christin Cho (Cal. Bar No. 238173)* |
| | christin@dovel.com |
| | Jonas B. Jacobson (Cal. Bar No. 269912)* |
| | jonas@dovel.com |
| | Simon Franzini (Cal. Bar No. 287631)* |
| | simon@dovel.com |
| | DOVEL & LUNER, LLP |
| | 201 Santa Monica Blvd., Suite 600 |
| | Santa Monica, California 90401 |
| | Telephone: (310) 656-7066 |
| | Facsimile: (310) 656-7069 |
| | |
| | Wright A. Noel, WSBA No. 25264 |
| | 20 Sixth Ave. NE |
| | Issaquah WA 98027 Tel: 425-395-7786 |
| | Fax: 425-837-5396 |
| | Email: wright@carsonnoel.com |
| | |
| | *Counsel for Plaintiff* |
| | *Pro Hac Vice Forthcoming |

PLAINTIFF'S RESPONSE TO AMAZON'S
NOTICE OF RELATED CASES - 3