THE HONORABLE BARBARA J. ROTHSTEIN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 | Wilbert Napoleon, individually and on behalf | Case No.: 2:24-cv-00186-BJR
of all others similarly situated,

10 | | **NOTICE OF FILED MOTION**
Plaintiff, | **TO CONSOLIDATE CASES**
11 | | **IN OTHER ACTION**

12 | v.

13 | Amazon.com, Inc.,

14 | Defendant.

15

16      PLEASE TAKE NOTICE that, pursuant to Local Civil Rule 42(a), Defendant

17 Amazon.com, Inc. hereby gives notice that on March 1, 2024, it filed the attached motion to

18 consolidate this action with *In re Amazon Service Fee Litigation*, Case No. 2:22-cv-00743-TL

19 that is currently pending before the Honorable Tana Lin.  *See In re Amazon Service Fee*

20 *Litigation*, Case No. 2:22-cv-00743-TL, Dkt. No. 81.

21      Dated: March 1, 2024      Respectfully submitted,

22      FENWICK & WEST LLP

23

24      By: */s/ Brian D. Buckley*
         Brian D. Buckley, WSBA No. 26423
25      401 Union Street
         5th Floor
26      Seattle, WA  98101
         Telephone:  206.389.4510
27      Facsimile:  206.389.4511
         Email:      bbuckley@fenwick.com
28      *Counsel for Defendant Amazon.com, Inc.*

NOTICE OF FILED MOTION TO          - 1 -          FENWICK & WEST LLP
CONSOLIDATE CASES                                  401 UNION STREET, 5TH FLOOR
CASE NO.: 2:24-CV-00186-BJR                        SEATTLE, WASHINGTON  98101

THE HONORABLE TANA LIN

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

IN RE: AMAZON SERVICE FEE
LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**DEFENDANT AMAZON.COM, INC.'S
MOTION TO CONSOLIDATE**

**NOTE ON MOTION CALENDAR:
MARCH 22, 2024**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Amazon's popular Prime subscription service offers members a diverse bundle of benefits, such as free and expedited shipping, shopping discounts, and digital content streaming.   Amazon has consistently disclosed to Prime members that those benefits are subject to change, and it has never guaranteed that any particular Prime benefit will remain available in perpetuity. Nevertheless, Plaintiffs in this action and in a related case, *Napoleon v. Amazon.com, Inc.*, No. 2:24-cv-00186-BJR (together, the Related Actions"), challenge Amazon's contractual right to change or remove Prime benefits.   The Related Actions both allege that Amazon unfairly or deceptively charged a fee for a benefit that was previously free to Prime members: Whole Foods Market delivery in this case, and ad-free Prime Video streaming in *Napoleon*.   There is also substantial overlap between the proposed classes, which both include customers who purchased annual Amazon Prime subscriptions.   Given the substantial factual and legal overlap between the cases, Amazon respectfully requests that the Court consolidate the Related Actions in the interest of judicial economy.

**BACKGROUND**

**I.     The *Amazon Service Fee* Litigation**

This consolidated case was formerly two separate actions, both of which challenged Amazon's implementation of a service fee for Whole Foods Market ("WFM") grocery delivery, which Amazon previously provided as a free benefit for Prime members.   On September 27, 2022, the Court consolidated the two actions.   *See* Dkt. No. 45 ("Consolidation Order") (consolidating *Griffith v. Amazon.com, Inc.*, No. 2:22-cv-00783-TL and *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743-TL).   Even if certain "theories … may be different," the Court noted that "both cases are against the same defendant, have similar plaintiffs, center around the same core fact," and "assert causes of action under the Washington Consumer Protection Act on behalf of overlapping classes," such that the cases involved at least one "common factual question regarding the propriety of Amazon's fee for deliveries from Whole Foods Market for Amazon Prime customers and some similar legal theories related to the fee."   *Id.* at 7.

Following consolidation, on October 25, 2022, Plaintiff Dena Griffith filed the Amended Consolidated Complaint ("CAC").  *See* Dkt. No. 47.  In the CAC, Plaintiff Griffith sought to represent two nationwide classes, and a California subclass, of Amazon Prime members.  CAC ¶¶ 33-34.  The CAC asserted violation of the Washington Consumer Protection Act ("WCPA"), violation of the Consumers Legal Remedies Act ("CLRA"), violation of the False Advertising Law ("FAL"), violation of the Unfair Competition Law ("UCL"), unjust enrichment, various fraud-based claims, breach of contract, breach of duty of good faith and fair dealing, and declaratory relief.  *See id. generally.*  The crux of Plaintiff Griffith's claims is that Amazon advertised a free service for Prime members but later removed this benefit and charged a fee, which allegedly breached Amazon's contract with Prime members and constituted unfair or deceptive conduct.  *Id.* ¶¶ 11-13, 21, 23.

Amazon moved to dismiss the CAC on December 16, 2022.  *See* Dkt. No. 51.  On December 7, 2023, the Court granted Amazon's motion to dismiss, dismissing certain claims with prejudice.  Dkt. No. 72.  The Court dismissed all of Plaintiff's California law claims under the CLRA, UCL, and FAL without leave to amend because Plaintiff was bound to Amazon's Conditions of Use, which required the application of Washington law.  *Id.* at 7-11.  The Court also dismissed without leave to amend Plaintiff's breach of contract claim because the Prime Terms— the governing contract for the Prime membership—provide that, "[f]rom time to time, Amazon may choose in its sole discretion to add or remove Prime membership benefits."  *Id.* at 15.  Accordingly, the Court held that Amazon had the authority "to suspend any benefits of Prime membership."  *Id.*

On January 8, 2024, Plaintiff Griffith filed a First Amended Consolidated Complaint ("FACC"), asserting claims for breach of the implied covenant of good faith and fair dealing and violation of the WCPA.  *See* Dkt. No. 73.  According to the FACC, Amazon falsely advertised that the Prime membership included free WFM grocery delivery and then eliminated, and began charging Prime members a fee for, this benefit.  FACC ¶ 13.  The FACC is focused on the alleged harm to *annual* Prime members like Plaintiff Griffith who "had already paid for a one-year Amazon Prime membership" but who allegedly received no "refund or recourse" from Amazon

1  after it terminated the benefit.  *Id.* ¶¶ 23, 34.  Accordingly, Plaintiff Griffith alleges she was injured

2  because "she did not receive the benefit of her purchase."  *Id.* ¶ 40.  Plaintiff Griffith purports to

3  assert claims on behalf of two nationwide classes of Amazon Prime members, including those

4  "who were charged a service fee in connection with an online delivery from [WFM] from August

5  1, 2021" onwards and those "who ordered Amazon's [WFM] free delivery and were annual

6  members when the $9.95 fee was introduced on October 25, 2021."  *Id.* ¶ 45.

7         On February 5, 2024, Amazon moved to dismiss the FACC.  Dkt. No. 76.  Under the

8  current schedule the motion will be fully briefed by March 15, 2024.  Dkt. No. 75.

9         Counsel for Amazon and Plaintiff Griffith conferred before Amazon filed this Motion and

10  Plaintiff Griffith opposes consolidation.  Declaration of Brian D. Buckley ("Buckley Decl.") ¶ 3.

11  **II.    The *Napoleon* Action**

12         Like this case, the *Napoleon* action challenges Amazon's right to charge a fee for a service

13  that Amazon previously provided to Prime members for free.  The *Napoleon* action challenges

14  Amazon's inclusion of advertising with Prime Video content, and its introduction of a monthly fee

15  for an ad-free version of the Prime Video service.  *See Napoleon*, Dkt. No. 1 ("Napoleon Compl.").

16  The Napoleon Complaint alleges that "[f]or years, Amazon advertised that its Prime subscription

17  included ad-free streaming of movies and tv shows."  *Id.* ¶ 3.  According to the Napoleon

18  Complaint, in January 2024, Amazon allegedly unfairly "changed its terms" by "introduce[ing]

19  ads to Prime Video" and charging "an additional $2.99/month to get the ad-free Prime Video that

20  [Prime members] already paid for."  *Id.* ¶ 13.  Like the FACC in this action, the Napoleon

21  Complaint focuses on the alleged harm to annual Prime members who "pa[id] for the annual

22  subscription" but were allegedly "deprived of the benefit of their bargained-for exchange" when

23  Amazon no longer provided a particular benefit for free.  *Id.* ¶¶ 26-27, 43.  The Napoleon

24  Complaint asserts claims for breach of contract, breach of express warranty, quasi-contract (*i.e.*,

25  unjust enrichment), and violations of the WCPA, FAL, CLRA, and UCL.  *See generally id.*

26  Plaintiff Napoleon purports to assert claims on behalf of a nationwide class and a California

27  subclass of Amazon Prime members who "purchased an annual subscription to Amazon Prime"

28  before December 28, 2023.  *Id.* ¶ 29.

Amazon filed a Notice of Related Case in the *Napoleon* case on February 14, 2024, identifying the *In re Amazon Service Fee Litigation* as a related case. *Napoleon*, Dkt. No. 10 (the "Notice"). The Notice accurately explains that both cases "arise from Amazon's changes to benefits associated with the Amazon Prime subscription service." *Id.* at 2. On February 15, 2024, Plaintiff Napoleon filed a "response" to the Notice, arguing that *Napoleon* is not related to this action. *Napoleon*, Dkt. No. 11.

Counsel for Amazon and Plaintiff Napoleon conferred before Amazon filed this Motion, and Plaintiff Napoleon opposes consolidation. Buckley Decl. ¶ 2.

## LEGAL STANDARD

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Fed. R. Civ. Pro. 42(a). A court has "broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989). In analyzing the appropriateness of consolidation, courts consider factors including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." Consolidation Order at 7 (quoting *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627-BJR, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020) (consolidating suits against different insurance companies "involving claims for business insurance coverage resulting from the COVID 19 pandemic")).

## ARGUMENT

### I.   The Related Actions Involve Common Questions of Law and Fact.

Consolidation under "Rule 42 requires simply 'a common question of law or fact' and not that common legal and factual questions predominate." *Terwilleger v. Grays Harbor Cty.*, No. 3:19-cv-5215 RBL-JRC, 2019 U.S. Dist. LEXIS 82171, at *4 (W.D. Wash. May 14, 2019); Fed. R. Civ. Pro. 42(a). "[T]he cases need not be identical as a prerequisite to consolidation." *Abbott v. Amazon.com Inc.*, No. 2:23-cv-1372-JNW, 2023 U.S. Dist. LEXIS 202954, at *4 (W.D. Wash. Nov. 13, 2023). Rather, consolidation may be appropriate where the cases share only *a single*

1  *issue of fact or law.  See Burnett v. Rowzee*, No. SACV07-641 DOC (ANx), 2007 U.S. Dist. LEXIS
2  89799, at *7 (C.D. Cal. Nov. 26, 2007).

3          To preserve judicial resources, Courts regularly consolidate cases with similar but not
4  identical facts and legal issues.  For example, the court in *Gray v. Suttell & Associates* consolidated
5  two actions because the defendants' "debt-collecting system underlie all claims."  No. CV-09-251-
6  EFS, 2010 U.S. Dist. LEXIS 146948, at *6-7 (E.D. Wash. Dec. 29, 2010).  The court did so
7  notwithstanding the fact that the actions challenged different aspects of the defendants' debt
8  collection practices; the proposed classes "overlap[ped]" but were "not identically defined"; and
9  the actions were "in two different stages of litigation."  *Id.*  It reasoned that consolidation "will
10 result in considerable savings to the judicial system: litigating the suits separately could result in
11 unnecessary discovery duplication and inconsistent determinations of the same factual and legal
12 issues."  *Id.*

13         Similarly, another Washington district court consolidated two lawsuits filed by different
14 subcontractors against the same defendants, even though they "pertain[ed] to entirely separate
15 contracts, involving entirely unrelated scopes of work, and alleging distinctly separate breaches."
16 *Bedrock Masonry, Inc. v. Innovative Constr. & Design Ltd.*, No. 2:19-CV-429-RMP, 2020 U.S.
17 Dist. LEXIS 128611, at *6-7 (E.D. Wash. July 21, 2020).  The court held that, notwithstanding the
18 "distinct factual determinations that may have to be made regarding [the two plaintiffs] and their
19 respective relationships," consolidating cases that overlap in claims, defenses, briefing arguments,
20 and evidence will "result in reduced costs and increased efficiencies."  *Id.* at *7-8.  *See also, e.g.*,
21 *Burnett*, 2007 U.S. Dist. LEXIS 89799, at *13-14 (granting consolidation even though "there are
22 a number of factual issues with respect to the various plaintiffs' relationships with various
23 defendants" because the "core factual dispute for each of the claims" concerns the same overall
24 scheme).

25         Here, there is substantial overlap in questions of law and fact between the Related Actions.
26 Common legal questions include whether Plaintiffs, as Prime members, agreed to and are bound
27 by Amazon's Conditions of Use and the Prime Terms; whether under those terms Amazon is
28 entitled to change or remove Prime benefits in its sole discretion; whether Amazon's conduct in

changing Prime membership benefits (free WFM delivery here and ad-free Prime Video service in *Napoleon*) was unfair or deceptive; and whether Amazon deprived annual Prime members of the benefit of their bargain by changing or removing benefits during the subscription period.

The Related Actions also share overlapping factual questions. Should the cases survive dismissal, Plaintiffs will likely seek substantially similar discovery regarding the Prime membership service and Amazon's representations regarding changes to Prime benefits—likely for an overlapping time period. For instance, the FACC includes excerpted images of statements by Amazon regarding various Prime benefits (e.g., "free delivery" and "movies and shows"), which are mostly undated but with one image allegedly captured in October 2022. *See, e.g.*, FACC, ¶¶ 9, 35. The Napoleon Complaint points to Amazon's alleged promotion of free movies and shows over this same timeframe and dating back to 2011. Napoleon Compl., ¶ 11. Unless consolidated, Amazon will be subject to parallel and often duplicative discovery processes and forced to negotiate the scope of discovery with two sets of plaintiffs' counsel, respond to multiple sets of discovery requests on similar issues, and produce and then re-produce relevant documents and witnesses. A unified discovery process will be far more efficient and less burdensome for the parties and the Court.

Because Amazon's ability to change Prime membership benefits "underlie[s] all claims" in the Related Actions, the common questions of law and fact that arise from that core issue strongly weigh in favor of consolidation. *Gray*, 2010 U.S. Dist. LEXIS 146948, at *6.

## II. Consolidation Will Promote Judicial Economy, Ensure Consistent Results, and Will Not Cause Prejudice.

Consolidation reduces confusion by "prevent[ing] any possibility of inconsistent rulings." *A Cemal Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 U.S. Dist. LEXIS 199367, at *7 (W.D. Wash. May 23, 2014). Indeed, where "the cases are before the same judge, the risk of inconsistent results is low." Consolidation Order at 8. Here, for example, this Court determined that Amazon's Washington choice-of-law clause in the Conditions of Use—binding on Prime members like Plaintiff Griffith—encompasses tort claims and bars the California-law claims under the CLRA, FAL, and UCL. Dkt. No. 72 at 7-10. Plaintiff Napoleon has asserted the same

California-law claims against Amazon that this Court has already rejected on choice of law grounds.  *See* Napoleon Compl. ¶¶ 73-114.  Absent consolidation, another judge could reach a different conclusion even when interpreting the same contract (Conditions of Use) as applied to Amazon's relationships with the same population of customers (Prime members).  That risk of inconsistent determinations highlights why consolidation is warranted.  *See Gray*, 2010 U.S. Dist. LEXIS 146948, at *7 (consolidating two actions because "litigating the suits separately could result in unnecessary discovery duplication and inconsistent determinations of the same factual and legal issues").

Consolidating the Related Actions would also not result in any prejudice to Plaintiffs.  Both cases are in a similar procedural posture: Amazon has not answered, and the parties have not engaged in any discovery or incurred significant litigation expenses.  In this action, the parties are briefing Amazon's motion to dismiss, and in *Napoleon*, Amazon also expects to file a motion to dismiss on similar grounds soon.  Because the cases are in the early stages, consolidation now is "preferable to consolidating at a later stage, as it will serve to avoid duplicative motions practice and discovery."  *Terwilleger*, 2019 U.S. Dist. LEXIS 82171, at *4.

Moreover, consolidation of the Related Actions "does not affect any of the substantive rights of the parties," *Bedrock Masonry*, 2020 U.S. Dist. LEXIS 128611, at *8, and in most instances, "consolidated cases retain their separate character," *Schnabel v. Lui*, 302 F.3d 1023, 1035-36 (9th Cir. 2002) (noting that "consolidation for purposes of discovery does not merge suits into single cause of action").  Instead, like in *Gray* and *Bedrock Masonry*, consolidating the Related Actions would simply lead to considerable "savings to the judicial system" and "reduced costs and increased efficiencies."  *Gray*, 2010 U.S. Dist. LEXIS 146948, at *6; *Bedrock Masonry*, 2020 U.S. Dist. LEXIS 128611, at *7-8.  Specifically, consolidation would reduce the number of conferences and motion practice, simplify pre-trial schedules and procedures, and avoid duplicative discovery disputes, redundant discovery responses, depositions of the same witnesses, and parallel production of similar documents.

/ / / /

/ / / /

1

**CONCLUSION**

2          The Related Actions are both pending in the same district, Amazon is the defendant in both

3   cases, and there are significant issues of fact and law in common relating to the Prime subscription

4   service.  Consolidation will not prejudice any party but would instead lead to efficiencies and

5   judicial economy.  Amazon respectfully requests that the Court grant Amazon's Motion and

6   consolidate the Related Actions for discovery and pre-trial purposes, with the question of

7   consolidation for trial reserved until later in the proceedings.

8          Dated: March 1, 2024                    Respectfully submitted,

9                                                  FENWICK & WEST LLP

10

11                                                 By: */s/ Brian D. Buckley*
                                                       Brian D. Buckley, WSBA No. 26423
12                                                     401 Union Street
                                                       5th Floor
13                                                     Seattle, WA  98101
                                                       Telephone:  206.389.4510
14                                                     Facsimile:   206.389.4511
                                                       Email:        bbuckley@fenwick.com
15
                                                   *Counsel for Defendant Amazon.com, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

THE HONORABLE TANA LIN

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

IN RE: AMAZON SERVICE FEE
LITIGATION

Case No.: 2:22-cv-00743-TL

(CONSOLIDATED CASE)

**CERTIFICATION OF CONFERENCE**

14      Pursuant to Section II(D) of the Honorable Judge Lin's February 9, 2024 Standing Order

15  for All Civil Cases, I hereby certify that, on February 15, 2024, February 21, 2024, February 26,

16  2024, and March 1, 2024, as counsel for the moving party, I or other at my direction conferred

17  with Griffith's and Napoleon's counsel in a good-faith effort to resolve the issues raised in this

18  motion.  The parties were unable to resolve the issues raised in the motion.

19      I declare under penalty of perjury that the foregoing is true and correct.

20

21  Executed on: March 1, 2024          */s/ Brian D. Buckley*
                                              Brian D. Buckley, WSBA No. 26423

22

23

24

25

26

27

28

**LCR 7(E) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this memorandum contains 2,584 words.


Dated:  March 1, 2024

                        FENWICK & WEST LLP


                        By: */s/ Brian D. Buckley*
                             Brian D. Buckley, WSBA No. 26423