THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Wilbert Napoleon, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Amazon.com, Inc.,<br><br>Defendant. | Case No.: 2:24-cv-00186-BJR<br><br>**DEFENDANT AMAZON.COM, INC.'S MOTION FOR TEMPORARY STAY** |

## INTRODUCTION

Plaintiff Wilbert Napoleon is a member of Amazon's popular Prime subscription service, which offers members a diverse bundle of benefits, such as free and expedited shipping, shopping discounts, and digital content streaming. Amazon consistently and plainly discloses to Prime members that those benefits are subject to change and Amazon has never guaranteed that any particular benefit will remain available. Plaintiff claims that Amazon violated the Prime terms, and consumer protection laws, by discontinuing a single Prime benefit, *i.e.*, an ad-free version of Prime Video, Amazon's streaming video service.

Plaintiff's theory is not new. Other plaintiffs have already sued Amazon on the same core theory. As Amazon laid out in its Notice of Related Case (Dkt. No. 10), this matter is related to a case currently pending before the Honorable Tana Lin, *In re Amazon Service Fee Litigation*, Case No. 2:22-cv-00743-TL (the "Service Fee case"). In that consolidated case, the plaintiff, Dena Griffith, challenges Amazon's discontinuance of another Prime benefit, *i.e.*, free Whole Foods

Market delivery. Plaintiff Griffith claims, as Plaintiff does here, that Amazon's removal of that benefit violated the Prime terms and consumer protection laws.

This case and the Service Fee case are filed against the same defendant, arise from substantially similar allegations and claims, seek to represent overlapping putative classes, require determinations of substantially similar questions of fact and law, and therefore are likely to involve substantial duplication of effort for the assigned judges. *See* Local Rule 3(g). As such, Amazon has filed a motion to consolidate this case with the Service Fee case. Amazon respectfully requests that the Court stay this action pending resolution of Amazon's consolidation motion. A temporary stay will not cause Plaintiff any material prejudice or harm, but will prevent the Court and the parties from engaging in efforts that might ultimately be moot if the cases are consolidated.

This is not a scenario where Plaintiff has been waiting years, or even months, for relief. Amazon just announced discontinuance of the ad-free Prime Video benefit in late December 2023. Plaintiff rushed to the courthouse, presumably in an attempt to be the first to file and to secure whatever tactical advantage that might entail. But Plaintiff is asserting theories and claims that are already being considered by another judge of this court, in a case that was filed and has been pending first. The most logical and efficient process is to suspend activity in this newly filed case until Amazon's motion to consolidate is resolved and it is clear whether this case will proceed independently.

As required by the Court's Chambers Procedures, Amazon's counsel conferred with Plaintiff Napoleon's counsel before filing this motion, but the parties were unable to resolve the issues raised in Amazon's motion.

**BACKGROUND**

**I.  The Service Fee Case**

The related Service Fee case began as two separate actions, both challenging Amazon's implementation of a fee for Whole Foods Market ("WFM") grocery delivery, which previously had been a free service for Prime members in certain areas. After the actions were consolidated, Plaintiff Dena Griffith filed an Amended Consolidated Complaint ("CAC") on October 25, 2022. *See* Case No. 2:22-cv-00743-TL, Dkt. No. 47. In the CAC, Plaintiff Griffith sought to represent

two nationwide classes, and a California subclass, of Amazon Prime members. CAC ¶¶ 33-34. The CAC asserted violations of the Washington Consumer Protection Act ("WCPA"), the California Consumers Legal Remedies Act ("CLRA"), the California False Advertising Law ("FAL"), the California Unfair Competition Law ("UCL"), as well as unjust enrichment, various fraud-based claims, breach of contract, breach of the duty of good faith and fair dealing, and declaratory relief. *See id. generally*.

On December 16, 2022, Amazon moved to dismiss the CAC in its entirety. Dkt. No. 51. On December 7, 2023, Judge Lin granted Amazon's motion to dismiss, dismissing certain claims with prejudice. Dkt. No. 72. The court dismissed all of Plaintiff Griffith's California law claims under the CLRA, UCL, and FAL, without leave to amend, because Plaintiff Griffith was bound by Amazon's Conditions of Use, which required the application of Washington law. *Id.* at 7-11. The Court also dismissed, without leave to amend, Plaintiff's breach of contract claim because the Prime Terms—the contract that governs the Prime membership—provide that, "[f]rom time to time, Amazon may choose in its sole discretion to add or remove Prime membership benefits." *Id.* at 15. Accordingly, the Court held that Amazon had the authority "to suspend any benefits of Prime membership." *Id.*

On January 8, 2024, Plaintiff Griffith filed a First Amended Consolidated Complaint ("FACC"), asserting claims for breach of the implied covenant of good faith and fair dealing and violation of the WCPA. Dkt. No. 73. According to the FACC, Amazon falsely advertised that the Prime membership included free WFM grocery delivery and then eliminated, and began charging Prime members a fee for, that benefit. FACC ¶ 13. The FACC is focused on the alleged harm to annual Prime members who "had already paid for a one-year Amazon Prime membership" but who allegedly received no "refund or recourse" from Amazon after it terminated the benefit. *Id.* ¶¶ 23, 34. Plaintiff Griffith alleges that she was injured because "she did not receive the benefit of her purchase." *Id.* ¶ 40. She purports to assert claims on behalf of two nationwide classes of Amazon Prime members, including those "who were charged a service fee in connection with an online delivery from [WFM] from August 1, 2021" to the present and those "who ordered

Amazon's [WFM] free delivery and were annual members when the $9.95 fee was introduced on October 25, 2021." *Id.* ¶ 45.

On February 5, 2024, Amazon moved to dismiss the FACC. *See* Dkt. No. 76. Under the current schedule, that motion will be fully briefed by March 15, 2024.

## II. Plaintiff Napoleon's Case

This case was filed on February 9, 2024. Plaintiff challenges Amazon's right to charge a fee for a service that Amazon previously provided to Prime members for free. Plaintiff alleges that "[f]or years, Amazon advertised that its Prime subscription included ad-free streaming of movies and tv shows." Dkt. No. 1, ¶ 3. Plaintiff alleges further that, in January 2024, Amazon "unfair[ly]" "changed its terms" by "introduc[ing] ads to Prime Video" and charging "an additional $2.99/month to get the ad-free Prime Video that [Prime members] already paid for." *Id.* ¶¶ 13, 20. Like the FACC in the Service Fee case, Plaintiff's Complaint focuses on the alleged harm to annual Prime members who "pa[id] for the annual subscription" but were allegedly "deprived of the benefit of their bargained-for exchange" when Amazon no longer provided a particular benefit for free. *Id.* ¶¶ 26-27, 43. Plaintiff asserts claims for breach of contract, breach of express warranty, quasi-contract (unjust enrichment), and violations of the WCPA, FAL, CLRA, and UCL. *See generally id.* And Plaintiff purports to represent a nationwide class, and a California subclass, of Amazon Prime members who "purchased an annual subscription to Amazon Prime" before December 28, 2023. *Id.* ¶ 29.

## III. Amazon's Consolidation Motion

On March 1, 2024, Amazon filed a motion to consolidate this case with the Service Fee case. Case No. 2:22-cv-00743-TL, Dkt. No. 81. Both actions arise from Amazon's changes to benefits associated with the Amazon Prime subscription service. Both actions bring claims under consumer protection statutes and base their claims on Amazon's allegedly false and misleading advertising and alleged breach of contractual obligations. In addition, there is substantial overlap between the proposed classes, as the proposed nationwide class in this case encompasses potential class members in the Service Fee case. Because both cases are filed against the same defendant, arise from substantially similar allegations, and require determinations of substantially similar

questions of fact and law, they are likely to involve substantial duplication of effort for the judges assigned to the respective cases. Local Rule 3(g). There is also a risk of inconsistent rulings, as Judge Lin has already considered many of the factual allegations and legal issues central to Plaintiff's theories and claims here.

## LEGAL STANDARD

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Gov't Emps. Ins. Co. v. Gerjets*, No. 19-cv-5912-RJB, 2020 WL 1031295, *3 (W.D. Wash. Mar. 3, 2020) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "As part of its inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, [courts have] the power to stay litigation pending resolution of a related proceeding." *Amadeck v. Cap. One Fin. Corp.*, No. C12-0244RSL, 2012 WL 5472173, *1 (W.D. Wash. Nov. 9, 2012) (citation and internal quotations omitted).

"For a court to issue a stay, the parties in the two cases need not be the same and the issues need not be identical." *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 11282678, *1 (S.D. Cal. Feb. 16, 2018) (citing *Landis*, 299 U.S. at 254). The factors that a court considers in determining whether to grant a stay are: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Nue LLC v. Oregon Mut. Ins. Co.*, No. C20-676RSL, 2020 WL 7016052, *1 (W.D. Wash. July 1, 2020) (internal quotation omitted).

## ARGUMENT

The *Landis* factors support a temporary stay of this action pending resolution of Amazon's motion to consolidate this case with the Service Fee case. Plaintiff will not suffer any material prejudice because this action was just filed. But if the case is not stayed, Amazon will suffer prejudice by being forced to engage in initial discovery pursuant to the Court's scheduling order, actions which may be rendered moot if the case is subsequently consolidated with the Service Fee

case. A temporary stay will also conserve judicial resources and promote efficiency by preventing duplicative filings, streamlining the proceedings, and avoiding the risk of inconsistent results.

## I. A Temporary Stay Will Not Prejudice Plaintiff.

A short stay will not prejudice Plaintiff. Amazon only requests a temporary stay of these proceedings until Amazon's motion to consolidate is resolved. *See, e.g.*, *Nue*, 2020 WL 7016052 at *1 (granting motion to stay pending motion to consolidate where court found any potential prejudice to nonmoving party would be "minimal given the short duration of the requested stay").

Both this case and the Service Fee case are in their early stages. The operative complaint in the Service Fee case was filed on January 8, 2024, and Amazon only just filed its motion to dismiss on February 5, 2024. Here, there has been no material activity to date and waiting a few more weeks to clarify whether this case will proceed before this Court or Judge Lin will not conceivably impair Plaintiff's rights or claims. Accordingly, this factor weighs in favor of staying the proceedings. *See, e.g., Willems v. Johnson & Johnson*, No. CV 20-00621-CJC(JCx), 2020 WL 6140301, *2 (C.D. Cal. Apr. 29, 2020) (finding no meaningful prejudice from a stay because action was in its "extremely early stages").

## II. Amazon Will Suffer Hardship If A Stay Is Denied.

Courts recognize that litigating essentially the same claims in different courts is "no doubt burdensome." *Bd. Of Tr. Teachers' Ret. Sys. Of Ill. v. WorldCom, Inc.*, 244 F. Supp 2d 900, 904 (N.D. Ill. 2002); *see also Am. C.L. Union of S. California v. U.S. Dep't of Homeland Sec.*, No. CV 17-02778-BRO (ASx), 2017 WL 7803788, *3 (C.D. Cal. June 21, 2017) (granting stay where defendant would suffer hardship litigating duplicative proceedings). In particular, courts recognize that it can be a meaningful hardship to simultaneously file responsive pleadings, and argue the same legal issues, in multiple courts. *Id.*

Absent a stay, under the Court's Order Regarding Initial Disclosures And Joint Status Report, the parties' FRCP 26(f) Conference Deadline is March 21, 2024; the Initial Disclosures deadline is March 28, 2024; and the parties owe the Court a Joint Status Report by April 4, 2024. Dkt. No. 15. If Amazon's consolidation motion is subsequently granted, all of those activities will be moot and Amazon will have expended unnecessary time, effort, and resources. If this case

ultimately is consolidated with the Service Fee case, the parties should proceed on the schedule established by Judge Lin.

**III.     A Temporary Stay Will Serve the Interests of Judicial Economy and Efficiency.**

When determining whether to stay proceedings pending a motion to consolidate, courts place heavy weight on the concern for judicial economy and efficiency. *See Nue LLC*, 2020 WL 7016052 at *1 ("Judicial economy is the 'most important factor' in considering whether to stay proceedings"); *see also Rivers v. Walt Disney* Co., 980 F. Supp. 1358, 1361 (C.D. Cal. 1997) (motion to stay granted where it would further the interests of judicial economy). Specifically, courts consider whether "judicial resources would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Nue*, 2020 WL 7016052 at *1.

A temporary stay of this action will preserve judicial time and resources, and potentially avoid conflicting rulings. In the Service Fee case, Judge Lin has already addressed factual and legal issues that substantially overlap with Plaintiff's allegations and claims here. Dkt. No. 72. If this case proceeds, Amazon will very likely move to dismiss Plaintiff's complaint, on the same basic grounds Amazon has asserted in the Service Fee case. In addition to requiring the Court's time and attention, consideration of Amazon's dismissal motion "will be duplicative if the cases are in fact consolidated" or risk conflicting rulings. *Nue*, 2020 WL 7016052 at *1. Conversely, consolidation would simplify the proceedings, conserve party and judicial resources with respect to discovery and motion practice, and allow for uniform treatment of the related actions. *See, e.g.*, *Amadeck*, 2012 WL 5472173 at *1 (granting motion to stay where "[t]he efficiencies obtained by coordinating discovery and pretrial practices across a number of separate cases cannot be doubted: witnesses need appear and issues need be considered only once"). Accordingly, this final factor also weighs in favor of staying these proceedings pending resolution of the consolidation question.

## CONCLUSION

Given the circumstances, there is no reason to rush to get this case moving. Plaintiff just filed the action, challenging Amazon's conduct that occurred only a month ago, and will suffer no conceivable harm if he is required to wait a few extra weeks to proceed with his claims. On the other hand, there are risks of real burden and harm to Amazon, and a significant waste of judicial

resources, if this case proceeds, only to be subsequently consolidated with the Service Fee case. Thus, for the reasons stated above, Amazon respectfully requests that the Court stay this case pending resolution of Amazon's motion to consolidate in the Service Fee case.

Dated: March 6, 2024     Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
Brian D. Buckley, WSBA No. 26423
401 Union Street
5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: bbuckley@fenwick.com

*Counsel for Defendant Amazon.com, Inc.*

# WORD AND PAGE COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e) and the Court's Chambers Procedures, I certify that this memorandum contains 2,491 words and is less than 15 pages.

Dated: March 6, 2024

                                                             FENWICK & WEST LLP

                                                             By: /s/ Brian D. Buckley
                                                                    Brian D. Buckley, WSBA No. 26423