1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

| | |
|---|---|
| WILBERT NAPOLEON, individually and on behalf of all others similarly situated, Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., Defendant | Nos.  2:24-cv-186-BJR<br>      2:24-cv-309-BJR<br>      2:24-cv-364-BJR<br>      2:24-cv-728-BJR<br><br>**ORDER RE: MOTIONS TO APPOINT INTERIM LEAD COUNSEL** |

15

## I.      INTRODUCTION

16

17

18

19

20

21

22

23

24

25

26

        This proceeding is a collection of proposed class actions, consolidated under the caption of the first-filed case, *Napoleon v. Amazon.com, Inc*., and includes the later-filed cases *Gianne v. Amazon.com, Inc*.,  2:24-cv-00309-BJR; *Peterson v. Amazon.com, Inc.*, 2:24-cv-00364-BJR; and *Milkes v. Amazon.com., Inc*., 2:24-cv-00728-BJR. The dispute now before the Court involves two competing Motions for Appointment of Interim Lead Counsel, filed respectively by (1) Gibbs Law Group LLP and Tousley Brain Stephens PLLC, counsel for plaintiffs in *Gianne* ("*Gianne* Counsel*)*, Dkt. No. 33; and (2)  Dovel & Luner LLP and Carson & Noel PLLC, counsel for plaintiffs in *Napoleon* ("*Napoleon* Counsel"), Dkt. No. 36. Having reviewed the briefs and exhibits filed in support of and in opposition to the two motions, the Court finds and rules as follows.

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.    BACKGROUND

The first case in this consolidated matter was filed by Plaintiff Wilbert Napoleon *et al.*, on February 9, 2024. Dkt. No. 1. On May 13, 2024, the Court granted a joint motion filed by all parties and consolidated *Napoleon* with two additional cases, *Gianne* and *Peterson* (filed on March 7 and 19, respectively), under Federal Rule 42(a), finding that the cases "involve a common question of law or fact." Dkt. No. 32. A fourth case, *Milkes*, was added to these consolidated proceedings on June 17, 2024. Dkt. No. 44.

In brief, Plaintiffs in these consolidated actions bring claims against Defendant Amazon.com, Inc. for breach of contract and for violation of the Washington Consumer Protection Act, among other claims. *See, e.g., Napoleon* Compl., Dkt. No. 1. Plaintiffs in all four actions generally allege that Defendant breached its duties to its Amazon Prime subscribers when, on January 29, 2024, it imposed an additional monthly fee of $2.99 for commercial-free video streaming, a service that Plaintiffs claim customers had already paid for through their annual subscription fee. These proceedings are still in their earliest stages; Amazon has not yet responded to the complaints, and the parties have not yet served Federal Rule 26 initial disclosures or filed a proposed discovery plan or joint status report.

## III.    DISCUSSION

### A.  Appointment of Interim Class Counsel Under Federal Rule 23(g)

Federal Rule of Civil Procedure 23 provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). Appointment of interim counsel may be appropriate where, as here, "overlapping, duplicative, or competing class suits are pending before a court, so that

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 2

appointment of interim counsel is necessary to protect the interests of class members." *Wang v. OCZ Tech. Group, Inc.*, 2011 WL 13156817 at *2 (N.D. Cal. June 29, 2011) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litig. § 21.11 (4th ed.))). In cases such as this one, where "more than one adequate application seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B).

In appointing class counsel (or interim class counsel), a court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class," and "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A)&(B).

## B. Weighing the Factors Under Federal Rule 23(g)(1)(A)&(B )

*Gianne* counsel and *Napoleon* counsel both argue that each, respectively, is best positioned for appointment as interim class counsel. Having weighed the prescribed factors under Federal Rule 23(g)(1)(A)&(B), the Court concludes that the *Gianne* counsel possesses the edge.

Regarding both the first and third factors—investigation of potential claims and knowledge of applicable law—the Court approves of the decision made by *Gianne* counsel to limit their claims to those brought under Washington law. *See Gianne* Compl., ¶¶ 56-83. As recently as December 2023, Judge Lin of this Western District held that the Washington choice-of-law provision in Prime members' terms-of-use contract precluded claims based on the laws of other states, including California. *In re Amazon Serv. Fee Litig.*, 2023 WL 8472724, at *5 (W.D. Wash. Dec. 7, 2023)

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 3

1  (finding "the choice-of-law provision controls" and dismissing California law claims). Indeed,

2  Judge Lin dismissed the causes of action brought under the same three California statutes that the

3  *Napoleon* plaintiffs have asserted in this case, based on the same Prime choice-of-law provision

4  governing the claims here. *Id*.; *see Napoleon* Compl., ¶¶ 73-114 (asserting claims under

5  California's False Advertising Law; California's Consumer Legal Remedies Act; and California's

6  Unfair Competition Law). Disregarding this holding, *Napoleon* counsel argues it is preserving the

7  California claims for a California subclass. However, it fails to distinguish Judge Lin's case from

8  the one before this Court, or otherwise explain why Amazon's choice-of-law provision would not

9  apply to preclude California-law claims; and it makes no attempt to explain how the California

10  claims would improve the likelihood or size of a class recovery. *See id.* (citing, inter alia, *Wiseley*

11  *v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017)) ("Plaintiff has not even attempted to

12  show that there is an actual conflict between Washington and California consumer protection laws.

13  Perhaps such a showing would be difficult, as the Ninth Circuit has found that 'Washington's and

14  California's consumer protection laws ... appear to be substantially similar.'"). Preserving claims

15  that so evidently add nothing to the case is an inefficient use of resources, of this Court and the

16  parties. The *Gianne* counsel's decision to limit its plaintiffs' claims to Washington law is an

17  indication of both keen pre-filing investigation of the governing law and a willingness and ability

18  to litigate this case efficiently. These two factors—work that counsel has done in identifying

19  potential claims and counsel's knowledge of the applicable law—favor appointment of Gibbs Law

20  and Tousley Brain Stephens.

21  Regarding the third factor, both *Gianne* counsel and *Napoleon* counsel have submitted

22  declarations outlining the substantial experience each possesses. *See* Rivas Decl., Dkt. 35

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 4

(referencing more than a dozen class action lawsuits in which *Gianne* counsel has been involved); Jacobson Decl., Dkt. No. 37 (referencing four for the *Napoleon* counsel). Purely quantitatively speaking, *Gianne* counsel appears to have the advantage, although the Court recognizes that the sheer number of cases is merely a rough proxy for quality of experience. Regarding local counsel, Tousley Brain Stephens is, as the *Gianne* counsel discusses at length, a known and respected law firm in this Western District, while the *Napoleon* counsel, in its motion, makes almost no reference at all to its chosen local counsel. *Compare, e.g., Gianne* Mot. at 10-11; 12 (expounding for several pages on Tousley Brain's experience litigating consumer class actions and history of cooperation with the Gibbs firm) *with Napoleon* Mot. at 6 (stating only, without elaboration, that "Dovel is assisted by experienced local counsel at Carson Noel").

Lastly, the *Peterson* plaintiffs' support for *Gianne* counsel's application weighs in *Gianne* counsel's favor under all four factors. While application for interim lead counsel is not a "popularity contest," the *Gianne* counsel's efforts in reaching out to co-plaintiffs' counsel hopefully augurs what will be a cooperatively litigated effort. *See, e.g., In re Lenovo Adware Litig.*, No. 15-MD-02624, 2015 WL 10890657, at \*2 (N.D. Cal. July 27, 2015) ("While appointment of interim class counsel is 'not a popularity contest,' courts have recognized that support garnered from multiple plaintiffs can demonstrate a proposed team's ability to work cooperatively with a large group of plaintiffs and attorneys, and to do so in the best interests of the class.").

The Court does not place significant value on the two factors on which *Napoleon* counsel relies in an attempt to set itself apart: (1) that it was the first to file a complaint, and (2) that it has pledged to limit its fees to 20% of the total recovery, if any, of the plaintiffs' class. The first-to-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

file consideration may be relevant when "consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker." *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003). Where the Court perceives under the prescribed factors that one applicant has an advantage over the other, however, the first-to-file criterion is of little value, particularly where, as here, the first case was filed less than a month before the second. Being the first to the file bears no relationship to the quality of representation a law firm will provide, which is the Court's primary concern. *See* Fed. R. Civ. P. 23(g)(1)(A) (listing factors a court "must consider," which do not include filing order); Fed. R. Civ. P. 23(g)(2) (providing "the court must appoint the applicant best able to represent the interests of the class" without reference to filing order). As for the Dovel firm's representation regarding its fees, the Court notes that setting attorneys' fees in a class action is the province of the Court, and finds that doing so at this stage adds little in answering the question of which attorneys should be appointed as interim class counsel.

Considering the marginal edge that the *Gianne* attorneys have over the *Napoleon* attorneys under the Federal Rule 23(g) criteria, the Court appoints Gibbs Law Group and Tousley Brain Stephens as interim class counsel for the purpose of bringing this matter through the class certification stage. However, given the narrow advantage the Court perceives at this stage, it bears stating explicitly that this is an interim appointment. If and when the Court certifies a class and/or an increase in the complexity of this case warrants, the Court will consider creating a steering committee and/or a more explicit role for other plaintiffs' counsel in this litigation. To that end, the Court expects the Gibbs Law and Tousley Brain attorneys to extend their full cooperation to their co-counsel throughout these initial stages, to include them in key decision-making processes,

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 6

and to draw on their experience and resources to maximize the efficiency and fairness of this litigation.

### IV.    CONCLUSION

For the foregoing reasons, the Gibbs Law Group LLP and Tousley Brain Stephens PLLC's Motion for Appointment as Interim Co-Lead Counsel is GRANTED. The Motion filed by Dovel & Luner LLP for Appointment as Interim Class Counsel is DENIED.

SO ORDERED. Dated:  August 5, 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER RE: MOTIONS FOR
APPOINTMENT OF INTERIM LEAD COUNSEL
- 7