The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE AMAZON PRIME VIDEO LITIGATION | NO. 2:24-CV-00186-BJR<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO STAY** |

## I. INTRODUCTION

The Federal Rules of Civil Procedure permit litigants to commence discovery as soon as they have held a Rule 26(f) conference. Nothing in the Rules expressly or impliedly permits a party to stay discovery merely because a motion to dismiss is pending. Instead, to obtain a stay of discovery, as Amazon seeks here, a party must show "good cause" that *any discovery* will pose an undue burden. The mere hope of dispositive relief does not suffice—the Court must instead be convinced that Plaintiffs cannot state an actionable claim. Because Amazon's motion fails to meet this "heavy burden" under the law of the Ninth Circuit, its motion to stay discovery should be denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) permits district courts to limit discovery "to protect a party or person from . . . undue burden or expense" if that party shows "good cause." Fed. R. Civ. P. 26(c)(1). When presented with a motion to stay pending a motion to dismiss, courts often take a "preliminary peek at the merits" of the motion to dismiss to determine whether discovery would be unduly burdensome. It is only when that "preliminary peek"

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 1
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

indicates that the defendant will prevail that is a stay generally warranted. *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 2106160, at *2 (W.D. Wash. June 10, 2022) (denying motion to stay discovery pending motion to dismiss for lack of jurisdiction).

The "mere hope of dispositive relief is not" good cause. *Gragg v. Orange CAB Co.*, No. 12-cv-576, 2012 WL 12864945, at *1 (W.D. Wash. Oct. 30, 2012). Rather, defendants bear a "heavy burden" to show that a motion to dismiss will be successful. *Rosario v. Starbucks Corp.*, No. 16-cv-1951, 2017 WL 4122569 (W.D. Wash. Sept. 18, 2017) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring a "strong showing" from the party seeking stay)). In the Ninth Circuit, a court should be "convinced that the plaintiff will be unable to state a claim for relief" before granting a discovery stay. *See Wegner v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *see also HUB Int'l Nw. v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023) ("[T]he Court is not convinced, from a cursory glance at the Motion to Dismiss, that dismissal of Plaintiff's claims is inevitable.").

### III. ARGUMENT

Amazon argues that a stay of discovery is warranted during the pendency of its motion to dismiss for three reasons: (1) its motion to dismiss will likely dispose of this case in its entirety; (2) its motion to dismiss does not involve factual issues requiring discovery; and (3) a discovery stay would promote efficiency without prejudicing Plaintiffs. As Plaintiffs explain below, each of Amazon's assertions falls short of the "heavy burden" required to establish good cause in the Ninth Circuit. Accordingly, Amazon's motion to stay discovery should be denied.

**A. Amazon's Arguments Regarding the Merits of Plaintiffs' Claims Do Not Warrant a Stay of Discovery**

Amazon's motion to dismiss, which attacks the substantive merits of Plaintiffs' claims, is not of the type for which discovery stays are typically granted. In this District, a pending dispositive motion does not ordinarily justify staying discovery or extending discovery-related deadlines. *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020); *Dorian v. Amazon Web Serv., Inc.*, No. 2:22-cv-00269, 2022 WL

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 2
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

3155369, at *1 (W.D. Wash. Aug. 8, 2022). Put differently, "[a]lthough a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *White v. Skagit Bonded Collectors, LLC*, No. 2:21-cv-00697, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022). Amazon's motion does not fall into the exceptions recognized by courts in the Ninth Circuit.[1] For example, a stay pending resolution of a motion to dismiss "might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value"—which Amazon does not argue. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

      Nor does Amazon's motion raise challenges on threshold procedural and due process issues that must be resolved before consideration of the substantive merits. "[C]ourts in this jurisdiction typically stay discovery ***only*** when the dispositive motion in question raises preliminary 'threshold' issues that may preclude a court from reaching the merits of a claim" such as jurisdiction, immunity, enforceability of an arbitration clause, or venue. *Dorian*, 2022 WL 3155369, at *2 (collecting authorities) (emphasis added); *see also Tracinda*, 175 F.R.D. at 556 ("Common examples . . . occur when jurisdiction, venue, or immunity are preliminary issues."). This rule is confirmed by the cases Amazon cites. (*See* Mot. at 2–3 (citing, *e.g.*, *Nissen v. Lindquist*, No. 16-5093BHS, 2016 WL 2866303, at *1 (W.D. Wash. May 17, 2016) (granting stay pending ruling on issues of absolute and qualified immunity); *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (granting stay pending ruling on motion to compel arbitration); *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020)

---

[1] To the extent that Amazon relies on *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987), for the proposition that merely filing a motion to dismiss warrants a stay, courts in this District have confirmed that the language at issue is dicta and that the Ninth Circuit has not provided clear guidance on when a stay would be justified. *See, e.g.*, *HUB Int'l*, 2023 WL 2527150, at *2; *Wysocki v. ZoomInfo Techs. Inc.*, No. 3:22-cv-05453, 2023 WL 3160681, at *1 (W.D. Wash. Apr. 28, 2023).

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 3
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(granting stay where pending resolution of defendant's motion to transfer venue and consolidate cases); *Williams v. Sampson*, No. C17-0092-JCC, 2017 WL 1330502, at *2 (W.D. Wash. Apr. 11, 2017) (granting unopposed motion to stay pending ruling on motion to dismiss involving questions of qualified immunity).) As this case involves none of these scenarios, a stay of discovery is inappropriate here. *See Tracinda*, 175 F.R.D. at 556 (denying stay where motion to dismiss involved contract interpretation and not threshold questions like immunity).

Next, Amazon argues that a stay is warranted because its motion could—and is likely to—dispose of all Plaintiffs' claims. But the *possibility* that the Court may rule in Amazon's favor is not enough to show good cause, let alone the "strong showing" required to withhold discovery. *See Gray*, 133 F.R.D. at 40 (citing *Blankenship*, 519 F.2d at 429). A defendant's belief that it will prevail is "insufficient, as 'speculation does not satisfy Rule 26(c)'s good cause requirement.'" *Edmonds*, 2020 WL 8996835, at *2 (quoting *Rosario*, 2017 WL 4122569, at *1); *Gragg*, 2012 WL 12864945, at *1 (the "mere hope of dispositive relief" does not constitute good cause for discovery stay).

But even if the Court were to "peek" into the merits of Plaintiffs' claims, Amazon's motion provides little to convince the Court that Amazon will prevail in its challenge. The bulk of Amazon's argument for dismissal rests on other courts' rulings that the Amazon Prime Terms of Use permit modification of benefits at any time. (Mot. at 3–5.) But, as Amazon recognizes, Plaintiffs have alleged that *additional* terms, the Prime Video Terms of Use, apply and govern Plaintiffs' contractual rights regarding the Prime Video benefit. Although Amazon argues that those terms apply only to monthly Video subscribers—and not annual Prime subscribers—the general Amazon Prime Terms of Use appear to incorporate by reference the entirety of those Prime Video Terms of Use. (*See* Consolidated Class Action Compl. ("CCAC") ¶ 31 & n.6, Sept. 4, 2024 ("Prime membership [is] also governed by the agreements listed and linked to below . . . which are incorporated into these Terms. If you sign up for a Prime membership, you accept these terms, conditions, limitations and requirements."). This fact alone distinguishes

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 4
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

this action from the cases Amazon cites, which involved benefits for which no additional terms were present. *See Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1270–71 (11th Cir. 2023) (involving Rapid Delivery benefits); *In re Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, 2024 WL 3460939, *7–9 (W.D. Wash. July 18, 2024) (involving Whole Foods delivery).

Although Amazon appears to deny both that the Prime Video Terms were part of the larger Prime Terms and that they applied to annual subscribers like Plaintiffs, the very fact that these issues are in dispute make this case inappropriate for a stay. *See Tracinda*, 175 F.R.D. at 555 (court "not convinced" motion to dismiss would succeed where there "may be . . . questions of the interrelationship between various agreements" and "who were intended to be the parties to which agreements"). Moreover, Amazon's argument in support of its stay merely confirms that the Prime Video Terms apply to the dispute about Amazon's unilateral (and unauthorized) price increase. While Amazon represents that the Prime Video terms "point users back to the governing Prime Terms," the language it cites provides that the Prime Video terms point back to the Prime Terms *only* for "the cancellation and refund" provisions, neither of which forms the basis of Plaintiffs' claims. (Mot. at 4.) The Prime Video Terms expressly prohibit Amazon from changing the price of the Prime Video service until the subscriber's next billing cycle. (*See* CCAC ¶ 31.) Amazon does not deny that it required Plaintiffs and other annual Prime subscribers to pay an additional $2.99 per month to receive the same benefits. Any subscriber who refused to pay that additional fee did not receive the benefit of the bargain. Any subscriber who succumbed to Amazon's coercion to maintain access to ad-free Prime Video was deprived of money that they were not required to pay.

These issues should be resolved not as part of a preliminary "peek" but after full briefing on the allegations undergirding Plaintiffs' claims. Nothing in Amazon's motion to stay, however, meets its burden to make the "strong showing" that dismissal is "inevitable." *See HUB Int'l*, 2023 WL 2527150, at *3.

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 5
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### B. Whether Amazon's Motion to Dismiss Requires Discovery Is Irrelevant to the Good Cause Determination

Amazon argues that it is inappropriate to permit discovery when it is not needed to resolve the issues raised in a motion to dismiss. (Mot at 5–6 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).) But nothing in *Jarvis* or other Ninth Circuit decisions "forecloses a . . . judge from denying a motion to stay discovery based on her evaluation that the underlying dispositive motions are not sufficiently meritorious to delay discovery." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1100–01 (D. Nev. 2022). As the court in *PlayUp* observed, "to conclude otherwise would open the floodgates to defendants delaying their discovery obligations for potentially lengthy periods by filing meritless motions to dismiss." *Id.* at 1101.

Courts in this District agree. For example, in *Edmonds* the court rejected Amazon's argument that discovery should be stayed because it was not necessary in responding to the motion to dismiss. *See* 2020 WL 8996835, at *2. "[T]he fatal flaw with Amazon's argument," the court observed, "is that it assumes that the motion to dismiss will resolve the case, which is further speculation that does not satisfy the good cause requirement." *Id.* "Had the Federal Rules contemplated that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Edmonds*, 2020 WL 8996835 at *2 (internal edits and quotation omitted); *Dorian*, 2022 WL 3155369, at *1 (quoting *Gray*, 133 F.R.D. at 40). Here too, Plaintiffs are entitled to conduct discovery, which "will be necessary to facilitate the prompt resolutions of the case" when Amazon's motion fails. *Edmonds*, 2020 WL 8996835, at *2.

### C. Amazon's Efficiency and Prejudice Arguments Lack Merit

Amazon also contends that a discovery stay is appropriate because it will promote efficiency and cause Plaintiffs no prejudice. But this argument, too, is grounded in improper speculation on the outcome of its motion. The court in *Edmonds* rejected Amazon's position, which "assumes that its motion to dismiss will be granted, which is insufficient, as speculation

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 6
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

does not satisfy Rule 26(c)'s good cause requirement." *Id.* ("The court has not yet resolved Amazon's motion to dismiss and has not yet determined whether [Plaintiff] will be unable to state a claim for relief."). And the unfair prejudice to Plaintiffs is evident should the Court deny Amazon's motion—in which case the "stay of discovery would unnecessarily delay litigation." *See id.* Although Amazon contends that "short stay" would cause no prejudice to Plaintiffs, (Mot. at 1), "there is no guarantee that a stay would be 'short'" while its motion is pending. *HUB Int'l*, 2023 WL 2527150, at *4. And while Amazon facially limits its motion to a stay of discovery, a stay of discovery pending resolution of Amazon's motion effectively stays the whole litigation. Therefore, "[a] stay of discovery would prejudice [P]laintiffs, not only in obtaining evidence of the merits of the case, but also in obtaining evidence to support class certification." *In re Gupta Sec. Litig.*, No. CIVIL94-1517FMS(FSL), 1994 WL 675209, at *4 (N.D. Cal. Sept. 24, 1994).

Further, Amazon fails to articulate a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (quoting *Gray*, 133 F.R.D. at 40). Instead, Amazon makes only conclusory assertions of "the expense of discovery" and "time and resources [spent] engaging in needless discovery." As this Court has held, "Defendants' burden of producing discovery, preparing for trial, and trial . . . does not demonstrate hardship." *Nelson Capital, LLC v. Campbell*, No. 2:19-cv-00089, 2019 WL 2123568, at *2 (W. D. Wash. May 15, 2019) (Rothstein, J.) (denying stay); *see also Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) ("Google . . . offers no particular or specific facts to support its assertion that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery."). Filing a motion to dismiss does not absolve a defendant of its obligation to participate in the litigation process as set forth in the Federal Rules of Civil Procedure. The Court should deny Amazon's request to delay based solely on its filing of a motion to dismiss.

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 7
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Amazon's motion to stay discovery, order the parties to meet and confer regarding a proposed case scheduling order to be submitted within 14 days of this order, and require Amazon to comply with its discovery obligations under the Federal Rules.

DATED this 16th day of October, 2024.

**TOUSLEY BRAIN STEPHENS PLLC**

By: *s/ Kim D. Stephens, P.S.*
Kim D. Stephens, P.S., WSBA # 11984
By: *s/ Rebecca L. Solomon*
Rebecca L. Solomon, WSBA # 51520
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Tele: 206.682.5600/Fax: 206.682.2992
kstephens@tousley.com
rsolomon@tousley.com

**GIBBS LAW GROUP LLP**
Rosemary Rivas *
Amanda M. Karl *
Rosanne L. Mah *
1111 Broadway, Suite 2100
Oakland, CA 94607
Tele: 510.350-9700/Fax: 510.350-9701
rmr@classlawgroup.com
amk@classlawgroup.com
rlm@classlawgroup.com

*Admitted Pro Hac Vice*

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

PLAINTIFFS' RESPONSE TO MOTION TO STAY- 8
Case No. 2:24-cv-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992