UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Case No.: 2:24-cv-00186-BJR

IN RE AMAZON PRIME VIDEO LITIGATION

**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

ORAL ARGUMENT REQUESTED

REPLY ISO MOTION TO STAY
DISCOVERY
CASE NO.: 2:24-CV-00186-BJR

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

## INTRODUCTION

Plaintiffs do not dispute that Amazon's motion to dismiss is "potentially dispositive" of this action and can be decided without additional discovery. Plaintiffs also do not dispute that courts have time-and-again rejected claims substantially similar to Plaintiffs' because the Amazon Prime Terms & Conditions ("Prime Terms"), which govern Plaintiffs' Amazon Prime membership (Dkt. 49, "CACC"), give Amazon the contractual right to change Prime benefits. In their opposition to this motion, Plaintiffs effectively abandon the Prime Terms as a basis for Amazon's liability. This highlights that Amazon's motion to dismiss challenges a critical aspect of Plaintiffs' claims and is likely to obviate the need for, or at least substantially narrow the scope of, discovery.

In opposing a stay, Plaintiffs cling to language from the Prime Video Terms of Use ("Prime Video Terms") to try to show that dismissal is not "inevitable." But "inevitable dismissal" is not the standard; a stay is warranted when a motion to dismiss is "potentially dispositive." And, as Amazon addressed in its dismissal motion, even if the Prime Video Terms apply here (despite the fact that Plaintiffs did not subscribe to Prime Video), they do not prohibit, but expressly allow, Amazon to change Prime Video pricing. Amazon's motion to dismiss is based on the plain language of the Prime Terms and the Prime Video Terms and can be resolved without any discovery. If discovery proceeds while that motion is pending, it would be unduly burdensome, expensive, and unnecessary, particularly in a putative class action brought on behalf of *all* annual Prime members across the nation. Plaintiffs should not be permitted to pursue such discovery unless and until their claims somehow survive Amazon's motion to dismiss. Accordingly, a stay of discovery is warranted.

## ARGUMENT

### A. Amazon Has Met The Requirements For A Stay.

As an initial matter, Amazon need not, as Plaintiffs suggest, meet some "heavy burden" to obtain a temporary stay while its motion to dismiss is pending. Dkt. 60 ("Opp.") at 1-2. To the contrary, to establish "good cause" under Rule 26(c), a party need show only that a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." *Neal v. City of Bainbridge Island*, No. C20-6025RSL, 2021 WL 2105301,
REPLY ISO MOTION TO STAY DISCOVERY - 1 -
CASE NO.: 2:24-CV-00186-BJR
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

*1 (W.D. Wash. May 25, 2021) (granting stay of discovery pending defendant's motion to dismiss). Indeed, courts "ha[ve] wide discretion in controlling discovery," *Lloyd v. Fitzwater*, No. C17-5627-BHS-TLF, 2020 WL 1890591, *1 (W.D. Wash. Apr. 15, 2020), including the discretion to "relieve a party of the burdens of discovery while a dispositive motion is pending," *Wood v. United States*, No. 2:22-CV-636-DGE-DWC, 2023 WL 3937415, *2 (W.D. Wash. Apr. 26, 2023). Courts in this District and across the Ninth Circuit routinely grant motions to stay discovery when a motion to dismiss is pending, recognizing that "[w]here discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances 'the goals of efficiency for the court and litigants.'" *Wood*, 2023 WL 3937415 at *2 (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)); *see also, e.g.*, *Zeiger v. Hotel California by the Sea*, No. C21-1702-TL-SKV, 2022 WL 1499670 at *2; *In re Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, 2022 WL 22877300, *1 (W.D. Wash. Dec. 23, 2022) (granting motion to stay discovery where Amazon's motion to dismiss did not involve disputed factual issues).[1]

Plaintiffs claim that stays are limited to "where the complaint was utterly frivolous, or filed merely for settlement value" or where the motion to dismiss raises "threshold procedural and due process issues." Opp. at 3. Not so. Courts also stay discovery where a pending motion challenges the *substantive merits* of a complaint, such as under Rule 12(b)(6). *See, e.g.*, *In re Amazon Serv. Fee Litig.*, 2022 WL 22877300 at *1 (staying all discovery-related deadlines pending Amazon's Rule 12(b)(6) motion to dismiss); *Lloyd*, 2020 WL 1890591 at *1-2 (staying discovery pending a motion challenging plaintiff's second amended complaint for failure to state a valid claim for relief); *Davis v. Speer*, No. C10-5185 RJB/KLS, 2010 WL 4568047, *1 (W.D. Wash. Nov. 3, 2010) (staying discovery pending resolution of motion to dismiss pursuant to Rule 12(b)(6)).

Here, Amazon has met the two requirements for a stay by showing that its motion to dismiss is both (1) "potentially dispositive of the entire case," and (2) "can be decided without

---

[1] Plaintiffs rely on *Rosario v. Starbucks Corp.*, No. 2:16-cv-01951, 2017 WL 4122569 (W.D. Wash. Sept. 18, 2017), which is distinguishable. There, the plaintiffs propounded requests two months before the end of class certification discovery, and the defendant based its request for a stay *only* on the filing of a motion to dismiss, offering "no other reason why discovery should be delayed." *Id.* at *1.

additional discovery." *Zeiger*, 2022 WL 1499670 at *2.

First, as explained in Amazon's stay motion (Dkt. 53, "Mot."), the motion to dismiss is likely to dispose of the entire case because the terms at issue, on their face, permit the very conduct Plaintiffs challenge. For instance, courts have repeatedly found that the governing Prime Terms expressly allow Amazon to change the benefits offered to Prime subscribers. Mot. at 3-4 (citing *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1270-71 (11th Cir. 2023) (affirming dismissal of breach of contract, implied covenant, and WCPA claims based on Amazon's suspension of Rapid Delivery benefits for Prime members); *In re Amazon Service Fee Litig.*, 705 F. Supp. 3d 1255, 1267-69 (W.D. Wash. 2023) ("*Service Fee I*") (dismissing breach of contract claim based on elimination of free Whole Foods Market delivery benefit for Prime members); *In re Amazon Service Fee Litig.*, No. 22-cv-00743-TL, 2024 WL 3460939, *7-9 (W.D. Wash. July 18, 2024) ("*Service Fee II*") (dismissing WCPA claim based on elimination of free Whole Foods Market delivery benefit)). Plaintiffs' opposition does not dispute that they have no viable claims under the Prime Terms, which is a key concession that Amazon's motion to dismiss would substantially narrow this case and the scope of any discovery, if not eliminate them all together. That concession alone warrants a stay. *See Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372, *1-2 (N.D. Cal. Nov. 1, 2022) (granting stay of discovery pending motion to dismiss where the "[p]laintiff d[id] not meaningfully engage with the substance of Defendants' arguments regarding the deficiency of the allegations in the complaint").

Attempting to salvage what is left of their claims, Plaintiffs argue that they "alleged that *additional* terms, the Prime Video Terms of Use, apply and govern Plaintiffs' contractual rights regarding the Prime Video benefit." Opp. at 4. That is immaterial. As explained in Amazon's opening motion and the motion to dismiss, even assuming the Prime Video Terms apply, those terms also expressly allow Amazon to modify the Prime Video service and to increase Prime Video subscription fees. Mot. at 4; Dkt. 54 (Amazon's motion to dismiss) at 10-11 (quoting Prime Video Terms, which state that "[o]ffers and pricing for subscriptions … may change over time and by location without notice" and "[u]nless otherwise indicated, any price changes are effective as of the beginning of the next subscription period"). In any event, the undisputed fact that five Plaintiffs

paid nothing beyond their annual Prime membership fee establishes that there were no mandatory mid-subscription "price changes," even under the Prime Video Terms. CCAC ¶¶ 41-54. Despite Plaintiffs' attempt to manufacture a factual dispute about which terms apply, neither set of terms supports or saves their claims. Accordingly, Amazon has met the first requirement of the two-part test for a stay.

Second, Amazon's motion to dismiss turns on pure questions of law that can be decided without any discovery. Amazon has raised no factual issues and only asks that the Court consider the plain language of the Prime Terms and Prime Video Terms, which defeat Plaintiffs' claims as a matter of law. Because "[i]nterpretation of a contract is a matter of law," *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 WL 11988945, *2 (W.D. Wash. Dec. 23, 2015) (Rothstein, J.) (citation omitted), Amazon's motion raises a quintessential issue that the Court can resolve without the aid of discovery.

Stays of discovery exist precisely to "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery" that is unwarranted, as here, given Plaintiffs' facially defective claims. *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020). Plaintiffs rely on *Edmonds v. Amazon.com*, No. C19-1613JLR, 2020 WL 8996835 (W.D. Wash. Mar. 6, 2020), but that case is inapposite. *See* Opp. at 6. To start, *Edmonds* concerned alleged violations of the overtime provisions of the Fair Labor Standards Act, not the straightforward application of unambiguous and undisputed contractual terms. 2020 WL 8996835 at *1. Further, that court declined to stay discovery because it concluded that Amazon's chance of success on that motion to dismiss was merely "speculati[ve]." *Id.* at *2. Here, unlike *Edmonds*, Amazon has shown that its motion to dismiss is likely to dispose of all of Plaintiffs' claims, because many courts (including in this District) have already dismissed essentially identical claims. Accordingly, Amazon has met both requirements for a stay of discovery.

**B.  Plaintiffs Will Not Be Prejudiced By A Stay.**

A stay of discovery is appropriate where a plaintiff fails to "demonstrate actual and substantial prejudice resulting from the denial" of discovery. *Kramer v. JP Morgan Chase Bank, N.A.*, 771 F. App'x 358, 360 (9th Cir. 2019) (affirming district court's stay of discovery pending

REPLY ISO MOTION TO STAY DISCOVERY
CASE NO.: 2:24-CV-00186-BJR
- 4 -
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

the resolution of defendants' motions to dismiss). In their opposition, Plaintiffs identify no "prejudice" other than the fact that a stay would, by definition, delay merits discovery and might delay class certification. Opp. at 7. But Plaintiffs do not explain how a short delay would impair their ability to obtain evidence for the merits of their case or for class certification. Unlike the cases they rely on, Plaintiffs do not claim that "the passage of time would cause witnesses to forget, third parties to misplace documents, and costs of retrieval of electronic information to increase." *See In re Gupta Sec. Litig.*, No. Civil No. 94-1517 FMS (FSL), 1994 WL 675209, *1 (N.D. Cal. Sept. 24, 1994); *Nelson Cap., LLC v. Campbell*, No. 2:19-cv-00089-BJR, 2019 WL 2123568, *2 (W.D. Wash. May 15, 2019) (denying motion to stay discovery until conclusion of related bankruptcy case where those proceedings would likely be lengthy and thus evidence was more likely to become lost). Because Amazon's dismissal motion will be fully briefed and ripe for decision on November 22, 2024 (*see* Dkt. 51 at 1), any stay will be brief and Plaintiffs "cannot claim [this] kind of prejudice" of lost evidence. *In re Gupta Sec. Litig.*, 1994 WL 675209 at *4.

On the other hand, Amazon will suffer significant prejudice if discovery proceeds. Because Plaintiffs purport to represent a nationwide class of all annual Amazon Prime members (CACC ¶ 55), class discovery is likely to be one-sided against Amazon, extremely burdensome, and expensive. Considering that the Court is likely to dismiss Plaintiffs' claims with prejudice, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *In re Amazon Serv. Fee Litig.*, 2022 WL 22877300 at *1 (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

## CONCLUSION

Accordingly, Amazon respectfully requests that the Court stay discovery until the Court rules on Amazon's pending motion to dismiss.

//

//

//

//

REPLY ISO MOTION TO STAY DISCOVERY
CASE NO.: 2:24-CV-00186-BJR

- 5 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101

| | | |
|---|---|---|
| 1 | Dated: October 24, 2024 | Respectfully submitted, |
| 2 | | FENWICK & WEST LLP |
| 3 | | |
| 4 | | By: */s/ Brian D. Buckley* |
| 5 | | Brian D. Buckley, WSBA No. 26423 |
| 6 | | Y. Monica Chan, WSBA No. 58900<br>401 Union Street, 5th Floor |
| 7 | | Seattle, WA 98101<br>Telephone: 206.389.4510 |
| 8 | | Facsimile: 206.389.4511<br>Email: bbuckley@fenwick.com |
| 9 | | mchan@fenwick.com |
| 10 | | Jedediah Wakefield (admitted *pro hac vice*)<br>555 California Street, 12th Floor |
| 11 | | San Francisco, CA 94104<br>Telephone: 415.875.2300 |
| 12 | | Facsimile: 415.281.1350<br>Email: jwakefield@fenwick.com |
| 13 | | Irene Aguirre (admitted *pro hac vice*) |
| 14 | | 801 California Street<br>Mountain View, CA 94041 |
| 15 | | Telephone: 650.988.8500<br>Facsimile: 650.938.5200 |
| 16 | | Email: iaguirre@fenwick.com |
| 17 | | *Attorneys for Defendant*<br>AMAZON.COM, INC. |