THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE AMAZON PRIME VIDEO LITIGATION,

Case No.: 2:24-cv-00186-BJR

**JOINT STATUS REPORT**

Pursuant to the Court's Order (Dkt. 50) and Fed. R. Civ. Pro. 26(f), the Parties submit this Joint Status Report.

## I. NATURE AND COMPLEXITY OF THE CASE

### A. Plaintiffs' Statement of the Factual and Legal Bases of the Claims

Plaintiffs, individually and on behalf of a proposed class of annual Amazon Prime subscribers, seek damages and injunctive relief arising from Amazon's unilateral decision to effectively increase the subscription cost of Plaintiffs' Prime Subscription during the term of their annual subscription. Plaintiffs' annual Prime subscriptions included access to ad-free Prime Video. Beginning on January 26, 2023, however, Amazon required Plaintiffs and other annual subscribers to pay $2.99 per month to maintain access to ad-free Prime Video; if subscribers did not pay this additional fee, they would be forced to watch advertisements when viewing Prime Video content. Defendant provided only one months' notice of the price increase and existing annual Prime subscribers, like Plaintiffs, could not cancel their Prime memberships to receive even a partial refund. Amazon did not remove ad-free Prime Video from its services; it just began charging

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

- 1 -

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Plaintiffs and other annual subscribers an additional fee to receive the benefit that they already
2  paid for when they signed up for an annual Prime account.

3  Plaintiffs contend that this was a breach of the Amazon Prime Video terms of service,
4  which expressly provide that "any increase in subscription fee will not apply until your
5  subscription is renewed." Plaintiffs contend that an additional $2.99 monthly fee for the same
6  service constitutes a price increase prior to Plaintiffs' and class members' subscription renewals.
7  Plaintiffs further contend that Amazon's unilateral price increase mid-subscription term constitutes
8  a breach of Amazon's duty of good faith that deprived Plaintiffs of the benefit of their bargain.
9  Finally, Plaintiffs contend that this "bait and switch" constitutes an unfair act in the conduct of
10 trade or commerce. Plaintiffs seek monetary damages, including statutory treble damages, costs,
11 and attorneys' fees, as well as injunctive relief to prohibit Amazon from engaging in similar
12 behavior in the future.

13 **B.      Amazon's Statement of the Factual and Legal Bases of the Claims**

14 Amazon offers the popular Prime subscription service. Prime members enjoy a vast suite
15 of benefits, including free and fast shipping, a huge library of music, video, and other digital
16 content, discounts on many Amazon products and services, and offers available only to Prime
17 members. One of those benefits is access to Prime Video, a world-class streaming service with a
18 massive library of movies, shows, and other digital content, including award-winning original and
19 exclusive content. Prime memberships are governed by the Amazon Prime Terms & Conditions.
20 The Prime Terms state: "From time to time, Amazon may choose in its sole discretion to add or
21 remove Prime membership benefits."

22 In December 2023, Amazon notified its customers that, beginning 30 days later, some
23 Prime Video movies and TV shows would include limited advertisements. Prime Video has long
24 included limited advertisements during live sports events and other content. And Amazon never
25 promised—to Prime members or anyone else—that Prime Video would be always, or entirely, ad-
26 free. But because Amazon understood that some people would prefer not to see ads, Amazon
27 offered an option for Prime Video users to watch ad-free content for $2.99/month.

28

Not long after Amazon announced this change, multiple plaintiffs' firms sued Amazon. After the Court consolidated those lawsuits, Plaintiffs, long-time annual Prime members, filed a consolidated class action complaint ("CCAC") asserting three causes of action under Washington law: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the Washington Consumer Protection Act (RCW §§ 19.86.20 *et seq.*). On October 4, 2024, Amazon filed a motion to dismiss the CCAC because each of Plaintiffs' causes of action fails as a matter of law, including because the Prime Terms expressly allow Amazon to change the benefits available to Prime members, as it did with Prime Video.

## II. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

The deadline to join any additional Parties should be November 1, 2024.

## III. CONSENT TO ASSIGNMENT TO MAGISTRATE

No.

## IV. DISCOVERY PLAN

### A. Initial Disclosures

Pursuant to the Court's Order (Dkts. 50, 56), the Parties exchanged initial disclosures on October 17, 2024.

### B. Subjects, Timing, and Potential Phasing of Discovery

The Parties disagree on the timing of discovery in this matter.

**Plaintiffs' Statement:** Plaintiffs intend to take discovery on the following subjects: Amazon's terms of service for Amazon Prime and Prime Video, including changes thereto; the price increase for ad-free Prime Video implemented in January 2024; the inclusion of ads in Prime Video content for annual Amazon Prime subscribers beginning in January 2024; internal discussions and communications regarding the price increase for ad-free Prime Video; internal discussions and communications regarding the inclusion of ads for annual Amazon Prime subscribers beginning January 2024; and communications between Amazon and Amazon Prime subscribers regarding the price increase.

**Defendant's Statement:** For the reasons explained in Amazon's motion to stay discovery (Dkt. 53), Amazon respectfully requests that the Court wait to issue a scheduling order, and that

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

- 3 -

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

discovery and other proceedings be suspended, until after the Court rules on Amazon's motion to dismiss. If Amazon's motion to dismiss is successful, it will dispose of all of Plaintiffs' claims. Even if the motion to dismiss is granted in part, it will clarify the relevant issues. Discovery should not proceed until the Parties understand whether any of Plaintiffs' claims are viable at this stage.

If discovery is ever necessary in this case, Amazon intends to take discovery from each Plaintiff on the following subjects: Plaintiffs' enrollment and use of Amazon Prime, including the Prime Video benefit; Plaintiffs' consent to the Prime Membership Terms and Prime Video Terms; Plaintiffs' receipt and knowledge of Amazon's notification to customers regarding changes to Amazon Prime membership benefits, including changes to the Prime Video benefit; Plaintiffs' knowledge, understanding, and payment (if any) of the optional $2.99/month upgrade for ad-free streaming on Prime Video; Plaintiffs' Amazon account records and usage, including enrollment emails, other communications and notifications from Amazon, and use, if any, of Prime membership benefits; and any injuries Amazon allegedly caused.

**C.      Electronically Stored Information**

The Parties will confer and propose an agreement governing the treatment of electronically stored information in the discovery process at an appropriate time.

**D.      Privilege Issues**

The Parties are not aware of any specific privilege issues.

**E.      Proposed Limitations on Discovery**

As noted above, Amazon proposes that discovery should be stayed until its motion to dismiss is resolved. Plaintiffs disagree that discovery should be stayed and moreover, unless and until the Court grants Amazon's motion to stay, discovery is open and Amazon is obligated to participate pursuant to the Federal Rules of Civil Procedure.

The Parties do not propose any substantive limitations on discovery at this time and agree that no changes or additions should be made at this time to the limitations to discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules but reserve the right to propose such limitations at later stages of litigation.

JOINT STATUS REPORT - 4 -
CASE NO.: 2:24-CV-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### F. The Need for Any Discovery Related Orders

The Parties will, at an appropriate time, propose a Stipulated Protective Order to the Court that may differ slightly from the Model Protective Order.

## V. PARTIES' VIEWS, PROPOSALS, AND AGREEMENTS ON ALL ITEMS SET FORTH IN LOCAL CIVIL RULE 26(F)(1)

### A. Prompt Case Resolution

Amazon has filed a motion to dismiss Plaintiffs' CCAC. Dkt. 54. At this time, the Parties do not have proposals for prompt case resolution.

### B. Alternative Dispute Resolution

The Parties will mediate the case, pursuant to the local rules, prior to any deadline the Court sets. Plaintiffs are open to early mediation discussions. Amazon considers early mediation premature in view of its pending motion to dismiss.

### C. Related Cases

The Parties are aware of one related action, namely, *In re Amazon Service Fee Litigation*, No. 2:22-cv-00743-TL, Honorable Tana Lin presiding. This case and *In re Amazon Service Fee Litigation* both challenge changes to the benefits included in the Amazon Prime subscription. Judge Lin's orders granting Amazon's motions to dismiss are currently on appeal. Given the procedural posture of the two cases, there is no anticipated overlap in fact discovery.

It is Plaintiffs' position that while *In re Amazon Service Fee Litigation* involves similar conduct by Amazon, the Prime Video services at issue in this case are governed by different terms. These cases are related, but not the same. Amazon believes the cases are related and that this case must be dismissed for the same core reasons the *Service Fee* case was dismissed.

### D. Discovery Management

The Parties agree to comply with the Federal Rules of Civil Procedure, Local Rules, and Orders of this Court, and to cooperate in good faith.

### E. Anticipated Discovery Sought

*See* the Parties' responses to section IV(B) above.

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

- 5 -

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

### F. Phasing Motions

Plaintiffs propose that the Court enter a case schedule that sets deadlines for class certification, with summary judgment deadlines to be set after the court rules on the class certification motion. Plaintiffs propose the following case scheduling order (contingent upon Amazon's good faith participation in discovery while its motion to dismiss is pending and throughout the discovery period):

| Deadline | Plaintiffs' Proposal |
|---|---|
| Deadline for filing motions on fact discovery disputes | April 22, 2025 |
| Close of fact discovery | May 22, 2025 |
| Deadline to file motion for class certification<br>Deadline for class certification expert reports | June 22, 2025 |
| Deadline to file class certification rebuttal expert reports | July 22, 2025 |
| Deadline to file opposition to motion for class certification | August 5, 2025 |
| Close of class certification expert discovery | August 22, 2025 |
| Deadline to file reply in support of motion for class certification | September 2, 2025 |
| Exchange of Merits Expert Reports | 60 days after a ruling on class certification |
| Exchange of Rebuttal Merits Expert Reports | 90 days after a ruling on class certification |
| Deadline to file summary judgment motions | 90 days after a ruling on class certification |
| Close of merits expert discovery | 110 days after a ruling on class certification |
| Deadline to file Daubert motions | 120 days after a ruling on class certification |
| Commencement of jury trial | No earlier than 180 days after a ruling on class certification |

Amazon maintains that all discovery should be stayed pending the Court's ruling on its motion to dismiss. Amazon's position is that entry of a scheduling order is premature and moreover, Plaintiffs' proposed schedule is unreasonable and not realistic under any circumstance. Accordingly, to the extent the Court denies the motion to stay discovery and intends to enter a scheduling order, Amazon respectfully requests a conference to discuss scheduling matters before

- 6 -

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

the Court enters one.

### G. Preservation of Discoverable Information

The Parties take the responsibility to preserve any and all discoverable information seriously. The Parties will discuss issues related to the preservation of electronically stored information as part of the meet and confer process on an agreement to govern the treatment of electronically stored information in this case.

### H. Privilege Issues

The Parties are not aware of any specific privilege issues.

### I. Model Protocol for Discovery of ESI

The Parties will confer and propose an agreement to govern the treatment of electronically stored information in the discovery process that might differ slightly from the Model Protocol.

### J. Alternatives to Model Protocol

As noted immediately above, the Parties will confer on and propose an agreement to govern the treatment of electronically stored information in the discovery process.

## VI. DATE BY WHICH DISCOVERY CAN BE COMPLETED

Amazon has filed a motion to stay discovery, which is currently pending and will be fully briefed by October 30. *See* Dkt. 53. Amazon maintains that all discovery should be stayed pending the Court's ruling on its motion to dismiss.

Plaintiffs have opposed Amazon's stay motion. Moreover, Plaintiffs' position is that a stay of discovery is a de facto stay of all case deadlines because Plaintiffs cannot prepare for trial or move for class certification without discovery. Provided that Defendant's motion to stay is denied and that it does not refuse to comply with discovery while its motion is pending, Plaintiffs propose May 22, 2025, as the deadline for completion of fact discovery, but respectfully reserve the right to seek an extension if necessary, and propose that discovery should be substantially complete prior to Plaintiffs filing their class certification motion. Plaintiffs propose that the deadline for filing motions on fact discovery disputes should be April 22, 2025.

Plaintiffs propose that, absent any extensions of the discovery deadline, that class certification be filed on June 22, 2025, with class certification expert reports due at the same time.

JOINT STATUS REPORT - 7 -
CASE NO.: 2:24-CV-00186-BJR

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs propose a deadline for completion of class certification expert discovery by August 22, 2025, but respectfully reserve the right to seek an extension if necessary. Plaintiffs propose that the deadline for exchanging expert disclosures on the merits should be 60 days after a ruling on class certification, with summary judgment and rebuttal merits expert reports due 30 days thereafter.

**VII. WHETHER BIFURCATION IS APPROPRIATE**

The Parties agree that bifurcation of trial is not appropriate.

**VIII. WHETHER PRETRIAL STATEMENTS AND ORDER CALLED FOR BY LOCAL CIVIL RULES 16(E), (H), (I), AND (K), AND 16.1 SHOULD BE DISPENSED WITH IN WHOLE OR IN PART FOR THE SAKE OF ECONOMY**

The Parties agree that the pretrial statements and a pretrial order pursuant to Local Rules CR 16(e), (h), (i), and (k), and 16.1 should be required and not dispensed with.

**IX. SUGGESTIONS FOR SHORTENING OR SIMPLIFYING THE CASE**

Plaintiffs do not have further suggestions for shortening or simplifying this case. Amazon has filed a motion to dismiss which could dispose of or simplify the case.

**X. DATE THE CASE WILL BE READY FOR TRIAL**

Plaintiffs anticipate that the case will be ready for trial 180 days after an order on class certification.

As discussed above, Amazon believes that setting a trial date is premature at this juncture, given Amazon's pending motion to dismiss.

**XI. JURY OR NON-JURY TRIAL**

Plaintiffs have requested and paid all required fees for trial by jury.

**XII. NUMBER OF TRIAL DAYS REQUESTED**

Plaintiffs anticipate that trial of this matter will require approximately 10 court days, but reserve the right to amend their response following the Court's ruling on class certification.

As discussed above, Amazon believes that it is premature to identify the number of trial days requested at this juncture, given Amazon's pending motion to dismiss.

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

- 8 -

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## XIII. NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF ALL TRIAL COUNSEL

**Plaintiffs' Counsel:**

Kim D. Stephens
Rebecca L. Solomon
Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
(206) 682-5600

Rosemary Rivas
Amanda M. Karl
Rosanne L. Mah
Gibbs Law Group LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
Tele: 510.350-9700/Fax: 510.350-9701
rmr@classlawgroup.com
amk@classlawgroup.com
rlm@classlawgroup.com

**Defendant's Counsel:**

Brian D. Buckley
Y. Monica Chan
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510

Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300

Irene Aguirre
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500

## XIV. DATES ON WHICH TRIAL COUNSEL HAVE COMPLICATIONS TO BE CONSIDERED IN SETTING TRIAL DATE

Plaintiffs' counsel has no conflicts with setting a trial date at this time, but it is Plaintiffs' position that trial should be set after the Court rules on class certification.

Amazon's counsel has no conflicts with regard to setting a trial date at this time, but Amazon's position is that it is premature to do so at this juncture.

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR
- 9 -
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## XV. SERVICE COMPLETED ON DEFENDANTS

Proper service on Amazon has been accomplished.

## XVI. SCHEDULING CONFERENCE

In lieu of a scheduling conference, Plaintiffs ask the Court to deny Defendants' motion to stay and to order the parties to meet and confer regarding a case schedule, if Plaintiffs' proposed schedule is not adopted by the Court.

Amazon's position is that entry of a scheduling order is premature and all discovery and case scheduling should be stayed pending the Court's ruling on its motion to dismiss.

## XVII. DATES EACH NONGOVERNMENTAL CORPORATE PARTY FILED ITS DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. 7.1 AND LOCAL CIVIL RULE 7.1

Amazon filed its corporate disclosure statement on February 14, 2024.

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR

- 10 -

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

DATED this 24th day of October, 2024.

| **TOUSLEY BRAIN STEPHENS PLLC** | **FENWICK & WEST LLP** |
|---|---|
| By: /s/ *Kim D. Stephens, P.S.*<br>Kim D. Stephens, P.S., WSBA # 11984<br>By: /s/ *Rebecca L. Solomon*<br>Rebecca L. Solomon, WSBA # 51520<br>1200 Fifth Avenue, Suite 1700<br>Seattle, WA 98101<br>Tele: 206.682.5600/Fax: 206.682.2992<br>kstephens@tousley.com<br>rsolomon@tousley.com | By: /s/ *Brian D. Buckley*<br>Brian D. Buckley, WSBA No. 26423<br>Y. Monica Chan, WSBA No. 58900<br>401 Union Street, 5th Floor<br>Seattle, WA 98101<br>Telephone: 206.389.4510<br>Facsimile: 206.389.4511<br>bbuckley@fenwick.com<br>mchan@fenwick.com |
| **GIBBS LAW GROUP LLP**<br>Rosemary Rivas *<br>Amanda M. Karl *<br>Rosanne L. Mah *<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>Tele: 510.350-9700/Fax: 510.350-9701<br>rmr@classlawgroup.com<br>amk@classlawgroup.com<br>rlm@classlawgroup.com<br><br>*Admitted Pro Hac Vice<br><br>*Attorneys for Plaintiffs and the Proposed Class* | Jedediah Wakefield<br>(*admitted pro hac vice*)<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br>jwakefield@fenwick.com<br><br>Irene Aguirre<br>(*admitted pro hac vice*)<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: 650.988.8500<br>iaguierre@fenwick.com<br><br>*Attorneys for Defendant Amazon.com, Inc.* |

JOINT STATUS REPORT
CASE NO.: 2:24-CV-00186-BJR
- 11 -
TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992