The Honorable Barbara J. Rosstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE AMAZON PRIME VIDEO LITIGATION

NO. 2:24-cv-186

**ORDER GRANTING MOTION TO STAY DISCOVERY**

This consolidated matter is proceeding as a putative class action. Plaintiffs allege that Defendant Amazon.com, Inc. ("Amazon") altered the terms of its Amazon Prime subscription and in particular, access to Prime's ad-free streaming video service, in violation of various Washington state laws. *See generally* Consol. Class Act. Compl., ("CCAC"), Dkt. No. 49. Currently before the Court is Amazon's Motion to Stay Discovery pending resolution of its Motion to Dismiss, which was filed on October 4, 2024 and was fully briefed on November 22, 2024. The Motion to Dismiss seeks dismissal of this matter in its entirety, on the merits and with prejudice. Having reviewed the Motion to Stay, the Court hereby grants that motion for the reasons that follow.

Federal Rules of Civil Procedure 12(c)(1) permits a district court to stay discovery if it presents "an unnecessary burden and expense [to the moving party] before threshold, dispositive issues … [are] resolved." *Clardy v. Gilmore*, 773 Fed. Appx. 958, 959 (9th Cir. 2019) (citing Fed.

ORDER GRANTING DEFENDANT'S
MOTION TO STAY

- 1

1  R. Civ. P. 26(c)(1)). The Ninth Circuit has noted that staying discovery during the pendency of a
2  Federal Rule 12(b)(6) motion "makes sense" because the purpose of such a motion is "to enable
3  defendants to challenge the legal sufficiency of complaints without subjecting themselves to
4  discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is
5  sounder practice to determine whether there is any reasonable likelihood that plaintiffs can
6  construct a claim before forcing the parties to undergo the expense of discovery.").

7  District courts have broad discretion in determining whether to allow a stay of discovery
8  pending the resolution of potentially dispositive motions. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th
9  Cir. 1987); *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court applies a two-
10 part test when deciding whether to grant a stay of discovery based on a pending dispositive
11 motion. First, the pending motion must be potentially dispositive of the entire case, or at least on
12 the issue to which discovery is directed. Second, the court must determine if the pending
13 dispositive motion can be decided without additional discovery. *Panola Land Buyer's Ass'n v.*
14 *Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *see Lowery v. F.A.A*, 1994 WL 912632, slip op. at
15 3 (E.D. Cal. 1994); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). A court
16 may also consider other factors, including "the risk of unfair prejudice to the party opposing the
17 stay" and the conservation of the court's resources. *Bethpage Water Dist. v. Northrop Grumman*
18 *Corp.*, 2014 WL 6883529, slip op. at 2 (E.D. N.Y. 2014); *Coastal States Gas Corp. v.*
19 *Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) ("A stay of discovery pending the
20 determination of a dispositive motion is an eminently logical means to prevent wasting the time
21 and effort of all concerned, and to make the most efficient use of judicial resources.").

22 Having considered the foregoing factors, the Court finds that a brief stay is warranted

ORDER GRANTING DEFENDANT'S
MOTION TO STAY

- 2

1  under the instant circumstances. The pending Motion to Dismiss is one that is "potentially

2  dispositive of the entire case," and neither party suggests any additional discovery is needed for

3  its resolution. Furthermore, this case does not appear to be one in which a modest delay of

4  discovery poses a threat of undue prejudice or particular hardship to either party and, in contrast, a

5  short stay may preserve the parties' resources in the event the Motion to Dismiss is granted.

6  Accordingly, Amazon has shown good cause for the Court to grant its motion to stay discovery,

7  and its Motion to Stay is GRANTED.

8  DATED this 21st day of January, 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING DEFENDANT'S
MOTION TO STAY

- 3